THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARET ANDERSON,                )<br>MARY DIXON, LATASHA WILLIAMS,  )<br>And KYONNE SUTHERLAND,            )<br>*Individually and on behalf of all Others*  )<br>*Similarly situated,*                               )<br>                                                              )<br>            **Plaintiffs,**                               )<br>                                                              )<br>**SOUTHERN HOME CARE**             )<br>**SERVICES, INC., and**                    )<br>**RES-CARE, INC.,**                             )<br>                                                              )<br>            **Defendants.**                           )<br>_____)| FILE NUMBER: _____ |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

PLEASE TAKE NOTICE THAT Defendants Southern Home Care Services, Inc. and Res-Care, Inc. (collectively "Defendants") hereby remove to this Court the superior court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support thereof, Defendants state as follows:

**I.     Background.**

On February 15, 2013, Plaintiffs filed a putative class action against Defendants in the DeKalb County, Georgia Superior Court entitled *Margaret*

*Anderson, Mary Dixon, Latasha Williams and Keyonne Sutherland, Individually and on behalf of all other similarly situated v. Southern Home Care Services, Inc. and Res-Care, Inc.*, Civil Action File No. 13-CV-2419-6 (the "Superior Court Action").  See Declaration of Matthew A. Boyd in Support of Defendants' Notice of Removal of Action ("Boyd Decl.") ¶ 3, Exhibit A.  Defendants were served with a copy of the Summons and Complaint by personal service on the same day the lawsuit was filed.  See id.  Thus, Defendants' Notice of Removal is timely because it is filed within thirty (30) days of service.  See 28 U.S.C. 1446(b).  See Boyd Decl. ¶¶ 3 & 4.

## II.  Federal diversity jurisdiction exists in this case.

This Court has diversity jurisdiction over Plaintiffs' claims.  Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest).  See U.S.C. §§ 1332(d)(2) and (d)(6).  All of CAFA's requirements are met here.

### A.  Plaintiffs' putative class includes more than 100 individuals.

If Plaintiffs' class allegations are established, the putative class will exceed

100 members.  *See* Complaint ¶¶ 5, 10.  Plaintiffs' class allegations seek to join every "caregiver" employee of Defendants working in Georgia from May 1, 2004 "to the present."  *Id.* at ¶ 10.  Plaintiffs' broad putative class definition would include in excess of 11,000 current and former employees of Southern Home Care Services, Inc.  *See* Boyd Decl. ¶¶ 6.

Plaintiffs' claims under even the broadest possible construction of the Georgia Minimum Wage Act (O.C.G.A. §34-4-3) however, cannot include work which occurred after July 24, 2007 – the date the federal minimum wage was increased to $5.85 per hour, rendering the GMWA facially inapplicable.[1]  Even under this more limited construction, Plaintiffs' putative class would include approximately 5,651 employees of Southern Home Care Services, Inc., easily meeting CAFA's 100-plaintiff threshold.  *See* Boyd Decl. ¶¶ 6.

### B.     Diversity of citizenship exists between the parties.

Diversity jurisdiction under CAFA requires only that one plaintiff and one defendant have diverse citizenship.  29 U.S.C. §1332(d)(2)(A).  Defendants are

---

[1] O.C.G.A. §34-4-3(c) states: "This chapter shall not apply to any employer who is subject to the minimum wage provisions of any act of Congress as to employees covered thereby if such act of Congress provides for a minimum wage which is greater than the minimum wage which is provided for in this Code section." Defendants deny that the GMWA applies to Plaintiffs prior to July 24, 2007, but there should be no dispute, even by Plaintiffs, that the GMWA was rendered inapplicable by the increase to the federal minimum wage from $5.15 per hour to $5.85 per hour on July 24, 2007.
*See* http://www.dol.gov/elaws/faq/esa/flsa/001.htm

informed and believe that Plaintiffs are citizens and residents of the State of Georgia.  *See* Complaint ¶ 4.

For purposes of diversity, "[a] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).  Neither Defendant is incorporated in Georgia.  Southern Home Care Services, Inc. is a Delaware Corporation, and Res-Care, Inc. is a Kentucky Corporation.  Both companies have their principal place of business in Kentucky.[2]  *See* Declaration of Deena Ombres in Support of Defendants' Notice of Removal of Action ("Ombres Decl.") ¶¶ 3 and 4.  Thus, CAFA's minimal diversity requirements are met.

   **C. The amount in controversy exceeds $5 million.**

Defendants aver, for purposes of this Notice only, that if Plaintiffs prevailed on the claims asserted in this action, the requested monetary recovery would exceed five million dollars.[3]  This case is essentially an attempt to re-litigate claims previously asserted in this Court in *Geddis v. Southern Home Care*

---

[2] The Unites States Supreme Court has resolved the issue as to the different interpretations of "principal place of business." The Court unanimously concluded that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," otherwise known as the corporation's "nerve center," which "will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 175 L. Ed. 2d 1029, 1034 (2010).

[3] Defendants deny that Plaintiffs are entitled to any of the relief they seek, under any theory of recovery.

*Services, Inc.*, No. 3:07-cv-036 (TCB) by a similar group of plaintiffs represented by the same law firms representing the Plaintiffs here.  The *Geddis* case settled with the approval of this Court, and the case was dismissed on or about September 14, 2012.[4]

The *Geddis* lawsuit sought compensation under the Fair Labor Standards Act for time spent by Defendants' homecare workers driving between client visits during their work day – the exact same hours for which Plaintiffs seek recovery here under Georgia state law (*See* Complaint, ¶ 14).  Data compiled for the approximately 2,700 opt-in Plaintiffs who participated in the *Geddis* lawsuit shows that Southern Home Care Services, Inc.'s homecare employees spent, on average, about 2.2 hours per workweek driving between client visits.  *See* Boyd Decl. ¶¶ 7. There is no reason to believe that Plaintiffs in this case would claim compensation for any lesser amount of alleged "drive time."

Additionally, based upon the hire and termination dates of the approximately 5,651 putative class members in this case, Defendants estimate that these individuals worked at least 229,501 workweeks during the period between May 1, 2004 and July 24, 2007 (the date the Georgia Minimum Wage Act inarguably

---

[4] The same claims were asserted against Defendants, by another group of plaintiffs represented by Plaintiffs' counsel, in *Ford v. Southern Home Care Services, Inc.,* No. 11-CV-2256-2 (Dougherty County, Georgia).  The *Ford* claims were settled and dismissed in conjunction with the *Geddis* settlement.  Thus, this is Plaintiffs' counsel's ***third*** bite at this particular apple.

became inapplicable due to an increase in the federal minimum wage).  *See* Boyd Decl. ¶¶ 6.

Thus, if Defendants owed the putative class members $5.15 per hour, for 2.2 hours per week, for 229,501 total workweeks, the base claimed damages amount would be $2,593,361.30.  Because Plaintiffs also seek an equal amount in liquidated damages under O.C.G.A. § 34-4-6 (*see* Complaint, ¶ 28), Plaintiffs' claim is approximately $5,186,723, in excess of the $5,000,000 aggregate amount in controversy threshold required by CAFA.[5]  The amount in controversy is met here.

## III. Venue is proper in this Court.

The United States District Court for the Northern District of Georgia is the judicial district embracing the place where the superior court action was filed by Plaintiffs and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

---

[5] This amount does not include the attorney's fees Plaintiffs seek to recover in their Complaint (Complaint ¶¶ 28, 35), amounts which can also be included in determining the amount in controversy.  *See Federated Mutt. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); O.C.G.A. §34-4-6 (authorizing a statutory award of attorney's fees).  Defendants have not specifically addressed a potential attorney's fee for Plaintiffs because the base amount claimed already exceeds $5 million.  One would expect however, that Plaintiffs will request fees no less than 1/3 of the total claimed amount, which would add approximately $1.7 million to the amount in controversy.

WHEREFORE, Defendants Southern Home Care Services, Inc. and Res-Care, Inc. request that the above action now pending against it in the Superior Court of Georgia, County of DeKalb, be removed to this Court.

                                                HAWKINS PARNELL
                                                      THACKSTON & YOUNG, LLP

                                                */s/ Matthew A. Boyd*
                                                Ronald G. Polly, Jr.
                                                Georgia Bar No. 583264
                                                rpolly@hptylaw.com
                                                Matthew A. Boyd
                                                Georgia Bar No. 027645
                                                mboyd@hptylaw.com

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone:  (404) 614-7400
Facsimile:    (404) 614-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MARGARET ANDERSON,                )<br>MARY DIXON, LATASHA WILLIAMS, )<br>And KYONNE SUTHERLAND,         )<br>*Individually and on behalf of all Others* )<br>*Similarly situated,*                    )<br>                                          )<br>            **Plaintiffs,**             )<br>                                          )<br>SOUTHERN HOME CARE           )<br>SERVICES, INC., and                 )<br>RES-CARE, INC.,                        )<br>                                          )<br>            **Defendants.**            )<br>_____) | FILE NUMBER: _____ |

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day served the **NOTICE OF REMOVAL** via regular U.S. mail to the following attorney of record:

J. Marcus Howard
Geoffrey E. Pope
Pope & Howard, P.C.
945 East Paces Ferry Road
Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326

Benjamin H. Terry
Law Offices of Benjamin H. Terry, P.C.
312 Crosstown Road, #355
Peachtree City, Georgia 30269

10486675v.1

J. Derek Braziel  
Lee & Braziel, LLP  
1801 North Lamar Street, Suite 325  
Dallas, Texas 75202

This 15th day of March, 2013.

                                  */s/ Matthew A. Boyd*  
                                  Matthew A. Boyd  
                                  Georgia Bar No. 027645  
                                  mboyd@hptylaw.com