

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARGARET ANDERSON,<br>MARY DIXON, LATASHA WILLIAMS<br>and KYONNIE SUTHERLAND,<br>*Individually and on behalf of all<br>Others similarly situated,*<br><br>Plaintiffs,<br>v.<br><br>SOUTHERN HOME CARE<br>SERVICES, INC.,<br><br>and<br><br>RES-CARE, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION FILE NO.<br>)  13CV2419-6<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiffs file the following Class Action Complaint against Defendants:

### NATURE OF THE CLAIM

1.

Plaintiffs bring this action pursuant to the Georgia Minimum Wage Law ("GMWL"), See O.C.G.A. § 34-4-1, *et. seq.*, and common law on behalf of themselves and all current and former employees of Defendants Southern Home Care Services, Inc., a Georgia corporation and Res-Care, Inc., a Kentucky corporation, who are similarly situated, for unpaid minimum wages, pre- and post-judgment interest, liquidated damages, attorneys' fees and costs. Defendants paid Plaintiffs for some, but not all of their hours worked. Defendants do not permit Plaintiffs, and those similarly situated, to record and be paid for their travel time between various worksites that

Page 1 of 11

EXHIBIT A

are all in the day's work. Consequently, Defendants have failed to compensate Plaintiffs, and those similarly situated, for all hours worked. Defendants' failure to pay Plaintiffs for their compensable travel time, including but not limited to travel between home and work and travel between various worksites, also results in a violation of Georgia's minimum wage law.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over Defendants.

3.

Because this is an action for damages in which wrongs and injuries occurred in DeKalb County, and because Defendant corporations have an office and transact business in DeKalb County, venue is proper in Dekalb County.

## PARTIES

4.

Plaintiffs are current or former employees of Defendants and are or were covered employees as defined by GMWL, and/or are otherwise entitled to compensation for the pay practice described in this Complaint

5.

Plaintiffs bring this action on behalf of themselves and, pursuant to O.C.G.A. § 9-11-23, all other employees similarly situated, such class of individuals being those who were employed in Georgia by Defendants since May 2004 to provide services to medically home-bound clients of Defendants at the residences of those clients, and who were subjected to the pay practices

EXHIBIT A

described herein resulting in the failure to pay minimum wage compensation in accordance with the requirements of the GMWL, or otherwise crating liability for such unpaid wages

6.

Defendant Southern Home Care Services, Inc. ("SHCS") is a Georgia corporation licensed to do business in Georgia. SHCS's registered agent for service of process in Georgia is CT CORPORATION SYSTEM, 1201 PEACHTREE ST., FULTON COUNTY, ATLANTA, GA 30361.

7.

Defendant Res-Care, Inc. is a Kentucky corporation licensed to do business in Georgia. Res-Care's registered agent for service of process in Georgia is CT CORPORATION SYSTEM, 1201 PEACHTREE ST., FULTON COUNTY, ATLANTA GA 30361.

8.

Each Defendant is an "employer" within the meaning of the Georgia Minimum Wage Law and each Plaintiff is a "covered employee" within the meaning the Georgia Minimum Wage Law, and has standing to maintain this action on behalf of themselves and other employees similarly situated, as well as standing to bring the cause of action for violation of Georgia Minimum Wage Law and standing under O.C.G.A § 9-11-23 to maintain this case as a class action for violation of Georgia Minimum Wage Law and for other claims described in this Complaint

9.

Defendants are "joint employers" for all purposes related to this action.

EXHIBIT A

10.

The phrase "Class Members" means Plaintiffs and all those similarly situated, including all individuals employed by Defendants from May 2004, to the present who were employed in Georgia to provide services to medically home-bound clients of Defendants, at the clients' residences, but who were not paid for the time they spent traveling between their various job sites in a day.

## PLAINTIFFS' FACTUAL ALLEGATIONS

11.

Plaintiffs worked as employees hired by Defendants to provide services to medically home-bound clients of Defendants, at the residences of those clients. While their hourly rates of pay varied, all were subject to the same pay policies and practices as all other persons working in this or a similar capacity for Defendants. As such, Plaintiffs represent all similarly situated persons employed by Defendants for purposes of a class action pursuant to O.C.G.A. § 9-11-23 and performed the same work as the rest of the Class Members.

12.

Defendants paid Class Members for some, but not all of their hours worked.

13.

During their employment, Class Members' primary function was to provide varied services to medically home-bound clients of Defendants, at the residences of those clients. These services are not the duties of "domestic employees" and the Class Members do not fall within any exemption under the Georgia Minimum Wage Law.

EXHIBIT A

14.

During their employment, Class Members were assigned to work at more than one job site (i.e., more than one client's residence) during a work day. Often, these sites were separated by many miles. The pay policy and/or practice of Defendants expressly provides that Defendants shall not compensate employees for travel time between job sites during a day, even though that travel time is compensable time that is all in a day's work. In fact, Class Members were given specific instructions by Defendants that they could not submit time sheets reflecting time spent for travel between job sites during the day.

15.

As a result of Defendants' pay practices, Class Members were not compensated for hours actually worked during the work week and did not receive minimum wage for all the hours they performed work for Defendants.

16.

As a result of having to travel between job sites during a work day, Class Members often worked hours for which they were not compensated in accordance with Georgia law.

17.

Because of the pay policy and/or practice of Defendants, Class Members did not receive minimum wage for all hours worked attributable to traveling between job sites.

18.

Defendants continue to require, suffer or permit Plaintiffs, Class Members, and those similarly situated to Plaintiffs, to work without paying them all compensation due for hours worked in accordance with Georgia law.

EXHIBIT A

## CLASS ACTION ALLEGATIONS

19.

Named Plaintiffs bring this case pursuant to O.C.G.A § 9-11-23, against Defendants for violation of Georgia's minimum wage law. The case is brought on behalf of all Class Members, as defined in Paragraph 10 of this Complaint.

20.

Because the proposed class has thousands of persons, joinder of all members is impracticable.

21.

Questions of law and fact common to the Class Members as a whole include, but are not limited to, the following:

    a.    Whether Class Members were allowed to report and be paid for (a) the time they spent traveling between Defendants' clients' home sites during the work day, and/or (b) the time they spent traveling from home to clients' home sites and from clients' home sites back home;

    b.    Whether Defendants unlawfully, and as a practice common to Plaintiffs and the Class Members, failed to pay minimum wage compensation which was due to be paid under O.G.C.A. § 34-4-1, *et. seq.*;

    c.    Whether Plaintiffs and the Class Members are entitled to minimum wage compensation for the hours they performed work duties for Defendants under minimum wage pay requirements of Georgia law;

EXHIBIT A

    d.        Whether Defendants policies and practices of instructing the Class Members to not record their travel time between job sites violates the applicable provisions of Georgia law;

    e.        Whether Defendants' policies and practices of failing to compensate Class Members for all hours worked was inequitable as further described in the Class Action Complaint.

22.

Plaintiffs' claims are typical of those of the Class Members. Like all Class Members, Plaintiffs were subject to Defendants' policy and/or practice of failing to pay minimum for each and every hour worked by the Class Members for the time spent traveling between job sites in a day. Thus, each Class Members' claim arises from the same policy or practice. Similarly, Defendants' defenses to Plaintiffs' claims will be typical of the defenses to the claims of the Class Members.

23.

Plaintiffs will fairly and adequately represent and protect the interests of the Class Members because they worked under the same pay practices and were deprived of the same minimum wage pay as the other Class Members.

24.

Plaintiffs have retained counsel competent and experienced in class actions and, in particular, wage and hour cases. Counsel will fairly and adequately represent and protect the interests of the Class Members.

**EXHIBIT A**

25.

Class treatment of the Georgia minimum wage issue is appropriate because the questions of law or fact common to the Class Members predominate over any questions affecting only individual members. Adjudication of the scope of the Georgia Minimum Wage Law in one proceeding prevents inconsistent adjudications on the merits.

26.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. In not paying for the time identified in this pleading, Defendants have acted on grounds that apply generally to the class so that injunctive or declaratory relief would be appropriate for the Class Members.

## COUNT ONE

### (Violation of the Georgia Minimum Wage Statute)

27.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

28.

Plaintiffs and the Class Members were not paid minimum wage for each and every hour they performed work for Defendants in violation of O.C.G.A. Section 34-4-1, *et seq.* In accordance with the Georgia Minimum Wage Law, Plaintiffs, and the Class Members seek recovery of unpaid minimum wages, liquidated damages, attorneys' fees and costs.

EXHIBIT A

29.

Plaintiffs and the Class Members have been damaged by means of failure to receive compensation for time worked as a direct result of Defendants' violations of the Georgia Minimum Wage Law.

30.

As a direct and proximate result of Defendants' failure to pay compensation as required by the Georgia Minimum Wage Law, Plaintiffs and the Class Members have incurred and are incurring costs and reasonable attorneys' fees.

## COUNT TWO

### Equitable Claims - Quantum Meruit and Unjust Enrichment

31.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

32.

Plaintiffs and the Class Members were not compensated for time worked, thereby unjustly enriching Defendants and depriving Plaintiffs and the Class members of the fair value of the work performed on behalf of Defendants.

33.

Plaintiffs and the Class Members seek recovery of the value of their services under theories of equity, including quantum meruit and unjust enrichment.

EXHIBIT A

## COUNT III

### Attorney Fees and Expenses of Litigation, O.C.G.A. §13-6-11

34.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35.

In addition to fees that are to be awarded under the GMWL, Plaintiffs and the Class Members are entitled to an award of attorney fees under O.C.G.A § 13-6-11, As Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiffs and Class Members unnecessary trouble and expense.

WHEREFORE, Plaintiffs and those similarly situated to Plaintiffs (including the Plaintiffs and the Class Members) demand judgment as follows:

a. An Order requiring payment of the minimum wages for each and every hour Plaintiffs and the Class Members spent traveling between job sites in a day;

b. An Order requiring payment of an equal amount as liquidated damages as allowed under Georgia law;

c. An Order requiring payment of reasonable attorneys' fees, costs, and litigation expenses as provided by Georgia law;

d. An Order requiring payment of prejudgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief as may be required by law.

Respectfully submitted this 14th day of February, 2013.

EXHIBIT A

Pope & Howard, P.C.

*/s/ J. Marcus Howard/*
J. Marcus Howard
Ga. Bar No. 370076
Geoffrey E. Pope
Ga. Bar No. 583880

945 E. Paces Ferry Road
Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326
404-885-9999 – phone
mhoward@popehoward.com

Attorney for Plaintiffs

*/s/ Benjamin H. Terry/*
Benjamin H. Terry
Ga. Bar No. 702425

FILED 2013 FEB 15 P 4: 35
CLERK OF SUPERIOR CT.
DEKALB COUNTY GEORGIA

Law Offices of Benjamin H. Terry, P.C.
312 Crosstown Road, # 355
Peachtree City, GA 30269
(770) 394-1502
bht@bhtlaw.com

J. Derek Braziel

LEE & BRAZIEL, LLP
1801 N. Lamar St. – Suite 325
Dallas, Texas 75202
Telephone:    214-749-1400
Facsimile:    214-749-1010
jdbraziel@l-b-law.com

*Attorneys for Plaintiffs*

EXHIBIT A