IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARET ANDERSON, MARY DIXON, LATASHA WILLIAMS, and KYONNE SUTHERLAND, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>SOUTHERN HOME CARE SERVICES, INC., and RES-CARE, INC.,<br><br>                  Defendants. | 1:13-cv-840-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants Southern Home Care Services, Inc. ("Southern Home") and Res-Care, Inc.'s ("Res-Care") (together, "Defendants") Motion for Judgment on the Pleadings [13].

**I.    BACKGROUND**

Plaintiffs Margaret Anderson, Mary Dixon, Latasha Williams and Kyonne Sutherland (together, "Plaintiffs") bring this purported class action to recover unpaid wages under the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq. ("GMWL"), and under theories of *quantum meruit* or unjust enrichment. Plaintiffs

seek to represent "all individuals employed by Defendants from May 2004, to the present who were employed in Georgia to provide services to medically home-bound clients of Defendants, at the clients' residences, but who were not paid for the time they spent traveling between their various job sites in a day." (Compl. ¶ 10).

### A.   The Geddis Litigation

This action is the latest in a series of related wage and hour cases against Defendants.[1]  On May 1, 2007, a similar group of plaintiffs brought a collective action in this Court against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").  Geddis v. Southern Home Care, Inc. and ResCare, Inc., No. 3:07-cv-036 (N.D. Ga.).  On November 21, 2007, the parties entered into a Tolling and Stay Agreement (the "Geddis Tolling Agreement"), which provides:

> This Agreement is made by and between [Defendants] and the ResCare Class Members as that term is defined herein.  This agreement applies to potential "ResCare Class Members" who are defined as all current and former employees of [Defendants] who held the same position (previously identified and defined by [Defendants] . . . as "direct care staff") or who performed duties similar to those of Plaintiffs in the Lawsuit.  ResCare Class Members is further limited to those individuals who were not paid for the time they spent traveling between client sites in a workday, and includes but is not limited to, those approximately 4452 individuals identified by [Defendants] in

---

[1]   The actions all have been brought by the same plaintiff lawyers.

response to Plaintiffs' Interrogatory No. 1 in the Lawsuit.  The "Lawsuit" is the civil action titled Geddis . . . .

    1.    Tolling Provision.  No statute of limitations on any claim under the FLSA or other state wage and hour statutes under the laws of the states in which ResCare Class Members are/were employed shall run against ResCare Class members and the same shall be tolled during the period of time while this Agreement is in effect.  Neither party shall put forward, or rely upon, the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat or reduce the claims made or to be made in the Action. . . .

    . . .

    10.    Authority to Bind.  Each Counsel executing this Agreement represents and warrants that he has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

(Geddis Tolling Agreement [15.1] at 1-2).  The Geddis Tolling Agreement was signed by counsel for the Geddis plaintiffs.

On August 14, 2009, the Court granted the plaintiffs' motion to amend their complaint to add, individually and on behalf of all Georgia plaintiffs who had opted-in to the litigation, claims for unpaid wages under the GMWL.  Geddis, Doc. 141.

On October 28, 2009, the Court conditionally certified the case as a collective action.  Geddis, Doc. 144.  Notice was sent to approximately 11,328

3

potential class members, of which 2,768 opted into the action.  It is undisputed that Plaintiffs in this action did not opt into the Geddis litigation.

On March 15, 2011, the Court granted the plaintiffs leave to file their second amended complaint to add class claims under the GMWL.

On April 12, 2011, the Court declined to exercise supplemental jurisdiction over the plaintiffs' GMWL claims and dismissed them without prejudice.[2]  The Court declined to exercise its supplemental jurisdiction over the plaintiffs' GMWL claims because to do so would require the Court as matters of first impression under state law to define "domestic employees," and determine how wages should be calculated, under the GMWL, "principles of comity suggest that the Court avoid needlessly deciding these issues of state law."  Geddis, Doc. 187 at 8 (alterations and citations omitted).

On August 31, 2012, the parties entered into a settlement agreement of their FLSA claims, which the Court approved, and Geddis was dismissed with prejudice.  Geddis, Docs. 203, 204.

---

[2]  The Court noted in Geddis that the "local controversy" exception to the Class Action Fairness Act may have stripped the Court of original subject matter jurisdiction over the plaintiffs' GMWL claims because the plaintiffs and putative class members were Georgia citizens and, at the time, Southern Home was a Georgia corporation.  Since Geddis, Southern Home became a Delaware Corporation with its principal place of business in Kentucky.

B.   The Ford Litigation

On October 6, 2011, two of the opt-in plaintiffs in Geddis, and two additional plaintiffs, filed in the Superior Court of Dougherty County, Georgia a renewed putative class action against Defendants for unpaid wages under the GMWL.  Ford et al. v. Southern Home Care Services, Inc., No. 11cv2256-2.

On September 11, 2012, Defendants and the named plaintiffs in Ford entered into a settlement agreement and the case was dismissed.

C.   Procedural History

On February 15, 2013, Plaintiffs in this action filed their Complaint [1.1] in the Superior Court of DeKalb County, Georgia.

On March 15, 2013, Defendants removed the DeKalb County Action to this Court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On May 10, 2013, Defendants filed their Motion for Judgment on the Pleadings [13].  Defendants argue that, because Plaintiffs were not parties to the Geddis Tolling Agreement, their claims for allegedly unpaid wages before February 15, 2010, are barred by the GMWL's three-year statute of limitations.  Defendants argue also that the FLSA preempts Plaintiffs' GMWL claims, and that even if it did not, the GMWL does not apply to Defendants.

## II. DISCUSSION

### A. Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

In considering a motion for judgment on the pleadings, the allegations contained in the complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party. See Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To

6

state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

> B.   Analysis
>
>> 1.   *Whether the GMWL applies to Defendants*

Defendants argue that Plaintiffs cannot state a claim under the GMWL because Defendants are employers subject to the FLSA. The GMWL requires an employer to "pay to all covered employees a minimum wage which shall be not less than $5.15 per hour for each hour worked in the employment of such employer." O.C.G.A. § 34-4-3(a). The GMWL

> shall not apply to any employer who is subject to the minimum wage
> provisions of any act of Congress as to employees covered thereby if
> such act of Congress provides for a minimum wage which is greater
> than the minimum wage which is provided for in this Code section.

O.C.G.A. § 34-4-3(c). The GMWL thus does not apply to an employer who is subject the FLSA, as to employees who are covered under the FLSA, if the FLSA provides for a minimum wage greater than $5.15 per hour for each hour worked—

7

which the FLSA has since July 24, 2007.[3]  To state a claim for relief under the GMWL, a plaintiff therefore must allege, among other things, that the defendant is not subject to the FLSA.  See O.C.G.A. § 34-4-3(c).

The Complaint alleges that Defendants are "employers," and Plaintiffs are "covered employees" within the meaning of the GMWL.  (Compl. ¶ 8).  The Complaint does not contain any allegations to support that Defendants—two nonresident companies who employ "thousands of persons" to provide services to Defendants' medically home-bound clients—are not subject to the FLSA.  Plaintiffs' conclusory allegation that they "do not fall within any exemption under the GMWL" (Compl. ¶ 13) states a legal conclusion, lacks factual support, and fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Iqbal, 556 U.S. 662; Twombly, 550 U.S. 544) (Court is not required to accept conclusory allegations and legal conclusions as true); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").  For this reason, Plaintiffs' Complaint, as

---

[3]  The Fair Minimum Wage Act of 2007 amended the FLSA to increase the federal minimum wage to $5.85 per hour effective July 24, 2007; to $6.55 per hour effective July 24, 2008; and to $7.25 per hour effective July 24, 2009.

currently plead, fails to allege facts sufficient to state a claim and is required to be dismissed.

Because Plaintiffs may be able to state a plausible claim under the GMWL, Plaintiffs shall be permitted to file, within twenty-one (21) days of the date of this Order, an amended complaint which complies with the Federal Rules of Civil Procedure and the Court's Local Rules.[4, 5]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings [13] is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED**.

---

[4] The Court notes that Plaintiffs' Complaint was filed in the Superior Court of DeKalb County and removed to this Court.  "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms.  Pleading conclusions, rather than facts, may be sufficient to state a claim for relief."  Ullah v. BAC Home Loans Serv. LP, 538 F. App'x 844, 846 (11th Cir. 2013) (comparing Georgia and federal pleading standards in evaluating fraudulent joinder); see also Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

[5] Because the Court finds that Plaintiffs' Complaint is required to be dismissed for failure to state a claim, the Court does not consider Defendants' additional grounds for relief, including that certain of Plaintiffs' claims are barred by the statute of limitations, that the GMWL is preempted by the FLSA and that, under Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974), Plaintiffs cannot maintain this case as a class action.

**IT IS FURTHER ORDERED** that Plaintiffs are permitted to file, within twenty-one (21) days of the date of this Order, an amended complaint which complies with the Federal Rules of Civil Procedure and the Court's Local Rules.

**SO ORDERED** this 21st day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE