# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MARGARET ANDERSON, | ) | |
| MARY DIXON, LATASHA WILLIAMS | ) | |
| and KYONNIE SUTHERLAND, | ) | |
| Individually and on behalf of all | ) | |
| Others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:13-cv-840-WSD |
| SOUTHERN HOME CARE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RES-CARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs file the following Amended Class Action Complaint against

Defendants:

## NATURE OF THE CLAIM

1.

Plaintiffs bring this action pursuant to the Georgia Minimum Wage Law

("GMWL"), See O.C.G.A. § 34-4-1, et. seq., and common law on behalf of

themselves and all current and former employees of Defendants Southern Home Care Services, Inc., a Georgia corporation and Res-Care, Inc., a Kentucky corporation, who are similarly situated, for unpaid minimum wages, pre- and post-judgment interest, liquidated damages, attorneys' fees and costs.  Defendants paid Plaintiffs for some, but not all of their hours worked.  Defendants do not permit Plaintiffs, and those similarly situated, to record and be paid for their travel time between various worksites that are all in the day's work.    Consequently, Defendants have failed to compensate Plaintiffs, and those similarly situated, for all hours worked.  Defendants' failure to pay Plaintiffs for their compensable travel time, including but not limited to travel between home and work and travel between various worksites, also results in a violation of Georgia's minimum wage law.

<u>JURISDICTION AND VENUE</u>

2.

This Court has jurisdiction over the subject matter of this action as it has been removed to federal court under the Class Action Fairness Act.

3.

The Court has personal jurisdiction over Defendants and venue is proper in this Court because the wrongs and injuries occurred in this judicial district (in

DeKalb County), and because Defendant corporations have an office and transact business in this judicial district (in DeKalb County).

<u>PARTIES</u>

4.

Plaintiffs are current or former employees of Defendants and are or were covered employees as defined by GMWL, and/or are otherwise entitled to compensation for the pay practice described in this Complaint

5.

Plaintiffs bring this action on behalf of themselves and, pursuant to Fed.R.Civ.P. 23, all other employees similarly situated, such class of individuals being those who were employed in Georgia by Defendants since May 2004 to provide services to medically home-bound clients of Defendants at the residences of those clients, and who were subjected to the pay practices described herein resulting in the failure to pay minimum wage compensation in accordance with the requirements of the GMWL, or otherwise creating liability for such unpaid wages.

6.

Defendant Southern Home Care Services, Inc. ("SHCS") is a Delaware corporation licensed to do business in Georgia. SHCS's registered agent for service of process in Georgia is CT CORPORATION SYSTEM, 1201

PEACHTREE ST., FULTON COUNTY, ATLANTA, GA 30361.

7.

Defendant Res-Care, Inc. is a Kentucky corporation licensed to do business in Georgia.  Res-Care's registered agent for service of process in Georgia is CT CORPORATION SYSTEM, 1201 PEACHTREE ST., FULTON COUNTY, ATLANTA, GA 30361.

8.

Each Defendant is an "employer" within the meaning of the GMWL and each Plaintiff is a "covered employee" within the meaning the GMWL, and has standing to maintain this action on behalf of themselves and other employees similarly situated, as well as standing to bring the cause of action for violation of GMWL and standing under Fed.R.Civ.P. 23 to maintain this case as a class action for violation of GMWL and for other claims described in this Complaint

9.

Defendants are "joint employers" for all purposes related to this action.

10.

The phrase "Class Members" means Plaintiffs and all those similarly situated, including all individuals employed by Defendants from May 2004, to the

present who were employed in Georgia to provide services to medically home-bound clients of Defendants, at the clients' residences, but who were not paid for the time they spent traveling between their various job sites in a day.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### 11.

Plaintiffs worked as employees hired by Defendants to provide services to medically home-bound clients of Defendants, at the residences of those clients. While their hourly rates of pay varied, all were subject to the same pay policies and practices as all other persons working in this or a similar capacity for Defendants. As such, Plaintiffs represent all similarly situated persons employed by Defendants for purposes of a class action pursuant to O.C.G.A. § 9-11-23 and Federal Rule of Civil Procedure 23 and performed the same work as the rest of the Class Members.

### 12.

Defendants paid Class Members for some, but not all of their hours worked.

### 13.

During their employment, Class Members' primary function was to provide varied services to medically home-bound clients of Defendants, at the residences of those clients.  These services are not the duties of "domestic employees" and the

Class Members do not fall within any exemption under the Georgia Minimum Wage Law.

14.

During their employment, Class Members were assigned to work at more than one job site (i.e., more than one client's residence) during a work day. Often, these sites were separated by many miles. The pay policy and/or practice of Defendants expressly provides that Defendants shall not compensate employees for travel time between job sites during a day, even though that travel time is compensable time that is all in a day's work. In fact, Class Members were given specific instructions by Defendants that they could not submit time sheets reflecting time spent for travel between job sites during the day.

15.

As a result of Defendants' pay practices, Class Members were not compensated for hours actually worked during the work week and did not receive minimum wage for all the hours they performed work for Defendants.

16.

As a result of having to travel between job sites during a work day, Class Members often worked hours for which they were not compensated in accordance with Georgia law.

17.

Because of the pay policy and/or practice of Defendants, Class Members did not receive minimum wage for all hours worked attributable to traveling between job sites.

18.

Defendants continue to require, suffer or permit Plaintiffs, Class Members, and those similarly situated to Plaintiffs, to work without paying them all compensation due for hours worked in accordance with Georgia law.

19.

Defendants provide personal support to homebound individuals and employ the Class Members to perform the tasks necessary to provide these services.

20.

In providing these personal support services, such as bathing, grooming, toileting, transfers, ambulation and dressing, the Class Members also provide other services related to the care of the individual, such as washing sheets or dishes.

21.

When creating care plans for individual clients, Defendants made a concerted effort to ensure that services which are general household work (i.e.

work not specifically related to the care of the individual) do not exceed 20% of the total services provided to individual clients or the total hours worked by the Class Members each week.  Indeed, Class Members did not exceed this threshold. Defendants also instruct and train the Class Members to not perform general household work unrelated to the care of the individual such as cooking or cleaning for other family members or cleaning areas of the house unused by the individual clients.  Defendants train Class Members to deny these requests when made by the individual clients.

22.

The reason Defendants make this effort to ensure that the Class Members do not exceed this 20% threshold is because Defendants consider the Class Members to be exempt from minimum wage under the Fair Labor Standards Act's companion exemption.  This exemption is found at 29 U.S.C. § 213(a)(15).  The Department of Labor regulations concerning companions places a limit of 20% of the total weekly hours worked on the amount of general household work which an individual can perform.

23.

By deliberately managing the Class Members in such a way that they are exempt from the federal minimum wage laws, Defendants are subject to the provisions of the GMWL.

24.

The GMWL requires an employer to "pay to all covered employees a minimum wage which shall be not less than $5.15 per hour for each hour worked in the employment of such employer." O.C.G.A. § 34-4-3(a).

25.

The GMWL does not apply to any employer who is subject to the minimum wage provisions of any act of Congress *as to employees covered thereby* if such act of Congress provides for a minimum wage which is *greater* than the minimum wage which is provided for in this Code section. O.C.G.A. § 34-4-3(c).

26.

Because the Class Members perform the requisite duties to be exempt from the Fair Labor Standards Act (and are treated that way by Defendants), they are not

covered by the minimum wage provisions of an act of Congress and are entitled to the protections of the GMWL.

27.

Defendants themselves have made a deliberate effort since they started their business in 1978 to make sure that the Class Members are not covered under the Fair Labor Standards Act or the minimum wage provisions of any act of Congress by, among other things

(1) Managing the Class Members in such a fashion that the Class Members are considered exempt from the minimum wage provisions of any act of Congress;

(2) Classifying Class Members to be companions who fit under the companion exemption of the FLSA;

(3) Telling their employees, including the Class Members, that state and federal laws do not require Defendants to pay overtime wages for hours worked in excess of 40 per week due to the companion exemption of the FLSA;

(4) Creating care plans that assign duties to the Class Members in such a way that the Class Members come within the companion exemption to the FLSA; and

(5) Training and instructing Class Members to perform their job duties in such a manner as to ensure the FLSA companion exemption is applicable.

28.

The Class Members are, in fact, exempt from the minimum wage provisions of the FLSA, and the Defendants have admitted *in judicio* that "Under the Fair Labor Standards Act's 'companionship' exemption, employees who provide in-home services for the care of elderly or infirm individuals – feeding, dressing, grooming, monitoring, or cleaning up after them, for example – are exempt from the FLSA's minimum wage and overtime provisions. The named Plaintiffs here, like the plaintiffs in Geddis, are companions who provided non-medical, in-home personal care services to clients of defendant Southern Home Care Services, Inc." [Docket No. 13-1, pp. 2-3.]

29.

Because the Class Members are exempt from the FLSA, they are entitled to minimum wage under the GMWL.

30.

Further, the GMWL is applicable to Class Members who worked between November 21, 2004, and July 24, 2007, for the additional reason that, because the federal minimum wage was not *greater* than the Georgia minimum wage during that time. Between November 21, 2004, and July 24, 2007, the federal minimum wage was $5.15 per hour. The Georgia minimum wage was also $5.15 per hour. The federal minimum wage was raised to $5.85 on July 24, 2007.

31.

On November 21, 2007, the parties to this case, including specifically the defendants, entered into a "Tolling and Stay Agreement", the purpose of which was to serve to toll the statute of limitations on any claim Plaintiffs have for violation of the Georgia Minimum Wage Law. Plaintiffs are attaching a copy of this tolling agreement as Exhibit A to this Complaint. No party has rescinded the tolling agreement, and it remains in full force and effect today.

32.

Under the tolling agreement, the statute of limitations does not serve to bar any claims under the GMWL that were viable on November 21, 2007 or that have accrued since November 21, 2007.  Since the statute of limitations on claims under the Georgia Minimum Wage Law is three years, O.C.G.A. § 34-4-6, any class member who worked for Defendants at any point from November 21, 2004 forward has a timely GMWL claim.

33.

As to Class Members who worked between November 21, 2004, and July 24, 2007, the GMWL covers them and they are entitled to the protections of that law.

<u>CLASS ACTION ALLEGATIONS</u>

34.

Named Plaintiffs bring this case pursuant to Federal Rule of Civil Procedure 23 and O.C.G.A§ 9-11-23, against Defendants for violation of Georgia's minimum wage law.  The case is brought on behalf of all Class Members, as defined in Paragraph 10 of this Complaint.

35.

Because the proposed class has thousands of persons, joinder of all members is impracticable.

36.

Questions of law and fact common to the Class Members as a whole include, but are not limited to, the following:

a.  Whether Class Members were allowed to report and be paid for (a) the time they spent traveling between Defendants' clients' home sites during the work day, and/or (b) the time they spent traveling from home to clients' home sites and from clients' home sites back home;

b.  Whether Defendants unlawfully, and as a practice common to Plaintiffs and the Class Members, failed to pay minimum wage compensation which was due to be paid under O.G.C.A. § 34-4-1, et. seq.;

c.  Whether Plaintiffs and the Class Members are entitled to minimum wage compensation for the hours they performed work duties for Defendants under minimum wage pay requirements of Georgia law;

d.      Whether Defendants policies and practices of instructing the Class Members to not record their travel time between job sites violates the applicable provisions of Georgia law;

e.      Whether Defendants' policies and practices of failing to compensate Class Members for all hours worked was inequitable as further described in the Class Action Complaint.

37.

Plaintiffs' claims are typical of those of the Class Members.  Like all Class Members, Plaintiffs were subject to Defendants' policy and/or practice of failing to pay minimum wage for each and every hour worked by the Class Members for the time spent traveling between job sites in a day. Thus, each Class Members' claim arises from the same policy or practice.   Similarly, Defendants' defenses to Plaintiffs' claims will be typical of the defenses to the claims of the Class Members.

38.

Plaintiffs will fairly and adequately represent and protect the interests of the Class Members because they worked under the same pay practices and were deprived of the same minimum wage pay as the other Class Members.

39.

Plaintiffs have retained counsel competent and experienced in class actions and, in particular, wage and hour cases.  Counsel will fairly and adequately represent and protect the interests of the Class Members.

40.

Class treatment of the Georgia minimum wage issue is appropriate because the questions of law or fact common to the Class Members predominate over any questions affecting only individual members.  Adjudication of the scope of the Georgia Minimum Wage Law in one proceeding prevents inconsistent adjudications on the merits.

41.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  In not paying for the time identified in this pleading, Defendants have acted on grounds that apply generally to the class so that injunctive or declaratory relief would be appropriate for the Class Members.

COUNT ONE

(Violation of the Georgia Minimum Wage Law)

42.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.

Plaintiffs and the Class Members were not entitled to minimum wages under the federal Fair Labor Standards Act as they were exempt from that act by virtue of the companion exemption found at 29 U.S.C. § 213(a)(15) and as that exemption has been interpreted in the Code of Federal Regulations at 29 C.F.R. § 552.6. Additionally, between November 21, 2004, and July 24, 2007, the Georgia minimum wage was not greater than the federal minimum wage as both were $5.15 per hour. Consequently, the GMWL is applicable to the Class Members.

44.

Plaintiffs and the Class Members were not paid minimum wage for each and every hour they performed work for Defendants in violation of O.C.G.A. § 34-4-1, et seq. In accordance with the Georgia Minimum Wage Law, Plaintiffs, and the Class Members seek recovery of unpaid minimum wages, liquidated damages,

attorneys' fees and costs. The statute of limitations on claims under the Georgia Minimum Wage Law is three years, O.C.G.A. § 34-4-6. Therefore, under the tolling agreement any Class Member who worked for Defendants at any point from November 21, 2004, forward has a timely GMWL claim.

45.

Plaintiffs and the Class Members have been damaged by means of failure to receive compensation for time worked as a direct result of Defendants' violations of the Georgia Minimum Wage Law.

46.

As a direct and proximate result of Defendants' failure to pay compensation as required by the Georgia Minimum Wage Law, Plaintiffs and the Class Members have incurred and are incurring costs and reasonable attorneys' fees.

COUNT TWO

Equitable Claims - Quantum Meruit and Unjust Enrichment

47.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.

Plaintiffs and the Class Members were not compensated for time worked, thereby unjustly enriching Defendants and depriving Plaintiffs and the Class members of the fair value of the work performed on behalf of Defendants.

49.

Plaintiffs and the Class Members seek recovery of the value of their services under theories of equity, including quantum meruit and unjust enrichment.

## **COUNT III**

### **Attorney Fees and Expenses of Litigation, O.C.G.A. §13-6-11**

50.

Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.

In addition to fees that are to be awarded under the GMWL, Plaintiffs and the Class Members are entitled to an award of attorney fees under O.C.G.A § 13-6-11, as Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiffs and Class Members unnecessary trouble and expense.

WHEREFORE, Plaintiffs and those similarly situated to Plaintiffs (including the Plaintiffs and the Class Members) demand judgment as follows:

a.     An Order requiring payment of the minimum wages for each and every hour Plaintiffs and the Class Members spent traveling between job sites in a day;

b.     An Order requiring payment of an equal amount as liquidated damages as allowed under Georgia law;

c.     An Order requiring payment of reasonable attorneys' fees, costs, and litigation expenses as provided by Georgia law;

d.     An Order requiring payment of prejudgment and post-judgment interest at the highest rates allowed by law; and

e.     Such other and further relief as may be required by law, including trial by jury to the extent permitted by law.

.

Respectfully submitted this 11th day of April, 2014.

Pope & Howard, P.C.

**/s/ *J. Marcus Howard***
J. Marcus Howard
Ga. Bar No. 370076
Geoffrey E. Pope
Ga. Bar No. 583880

945 E. Paces Ferry Road          Attorney for Plaintiffs
Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326
404-885-9999 – phone
mhoward@popehoward.com

**/s/ *Benjamin H. Terry***
Benjamin H. Terry
Ga. Bar No. 702425

Law Offices of Benjamin H. Terry, P.C.
312 Crosstown Road,  # 355
Peachtree City, GA  30269
(770) 394-1502
bht@bhtlaw.com

**/s/ *J. Derek Braziel***
J. Derek Braziel

LEE & BRAZIEL, LLP
1801 N. Lamar St. – Suite 325
Dallas, Texas 75202
Telephone:  214-749-1400
Facsimile:   214-749-1010
jdbraziel@l-b-law.com

Attorneys for Plaintiffs