EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into by and between Defendants Southern Home Care Services, Inc. (a Delaware Corporation) ("SHCS") and Res-Care, Inc., (a Kentucky corporation) ("ResCare") (collectively "Defendants"), on one hand, and Plaintiffs Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland (the "Named Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class of SHCS employees described below, on the other.  This Settlement Agreement is intended to fully, finally and forever resolve, discharge and settle the Released Claims, as defined below, upon and subject to the terms and conditions of this Settlement Agreement.

## I.   RECITALS

A.   WHEREAS, on February 15, 2013, a putative class action lawsuit entitled Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland, appearing individually and on behalf of all others similarly situated, v. Southern Home Care Services, Inc. and Res-Care, Inc., was filed on behalf of Named Plaintiffs in the Superior Court of Dekalb County, Georgia ("the Action"), and the Action was removed to federal court and litigated in the United States District Court for the Northern District of Georgia, Atlanta Division, presently case No. 1:13-cv-00840-LMM;

B.   WHEREAS, the Named Plaintiffs, on behalf of class members in the Action, have asserted claims for, among other things, unpaid wages, minimum wages, interest, liquidated damages, court costs, attorney's fees, and equitable relief;

C.   WHEREAS, the Parties engaged in extensive formal and informal discovery before they reached this Settlement Agreement which included Defendants' production of complete payroll and scheduling records for the SHCS employees described herein, numerous written policy documents, personnel records, employee data and wage data.

D.   WHEREAS, on April 5, 2017, the parties entered into a "Conditional Stipulation Regarding Class Certification" [Docket No. 73 in the Action], conditionally defining and certifying a class of SHCS employees for purposes of the Action, which was approved by order of the Court in the Action dated April 10, 2017 [Docket No. 74 in the Action];

E.   WHEREAS, on August 16, 2017, the Parties engaged in a mediation before Hunter Hughes, an experienced wage and hour class-action mediator, and over the course of the next several months negotiated a settlement of this case with Mr. Hughes's assistance and through multiple in-person and telephonic settlement discussions and exchanges of settlement information.

F.   WHEREAS, the Parties have reached an agreement to settle, which is intended to fully and finally resolve all claims as to the Named Plaintiffs and the class members in the Action.

**NOW, THEREFORE,** the Parties agree as follows:

## II.   DEFINITIONS

A.      "Action" refers to the class action lawsuit identified in Section I.A, above, pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

B.      "Claim Form" refers to the form by means of which a Settlement Class Member can claim their Settlement Share, substantially in the form of Exhibit B hereto, as it may hereafter be modified by agreement of the Parties.

C.      "Class Counsel" refers to Benjamin H. Terry, P.C., Pope & Howard, P.C., and Lee & Braziel, LLP.

D.      "Class Notice" refers to the Notice of Class Action Settlement and Final Approval Hearing substantially in the form of Exhibit A hereto, as it may hereafter be modified by agreement of the Parties or order of the Court.

E.      "Class Period" refers to the period from August 17, 2008 through the date of preliminary approval.

F.      "Court" refers to the court having jurisdiction over the Action, at any stage of the Action, presently the United States District Court for the Northern District of Georgia, Atlanta Division.

G.      "Defendants' Counsel" refers to Ronald G. Polly, Jr. and Matthew A. Boyd of Hawkins Parnell Thackston & Young LLP.

H.      "Exclusion Form" refers to the form, attached hereto as Exhibit C, by which a Class Member can exclude him or herself from the Settlement Class, as provided herein.

I.      "Exclusion Period" refers to the interval beginning with the date Class Notice is first mailed to Settlement Class Members and ending 45 days after the date of first mailing.  If a second mailing to any Settlement Class Member is required as a result of the initial mailing being returned as undeliverable, the Exclusion Period for those Settlement Class Members only, who shall be sent a second mailing, will be extended for 15 days (60 days from first mailing) irrespective of when the first mailing was returned as undeliverable.

J.      "Final Approval Order" refers to the order of the Court granting final approval of this settlement as to the Final Settlement Class (defined below) and entering a judgment approving this settlement on substantially the terms provided herein or as the same may be modified by subsequent agreement of the Parties.

K.      "Final Settlement Class Members" refers to all Settlement Class Members who do not timely and validly exclude themselves from the Settlement Class in compliance with the exclusion procedures set forth in this Settlement Agreement.

L.      "<u>Final Effective Date</u>" means:  If no objections to the Settlement Agreement are filed, or if one or more objections are filed and are later withdrawn before the Final Approval Order is entered, the Final Effective Date is the date is the date the Final Approval Order is entered.  If one or more objections are filed and not later withdrawn before the Final Approval Order is entered, the Effective Date is forty (40) days after the Final Approval Order is entered, provided no appeals are filed.  If there is an appeal of the trial court's Final Approval Order and Judgment in the Action, including, but not limited to, any appeal of an award of attorneys' fees and costs or enhancement payment to the Named Plaintiffs, then the Final Effective Date is the date of final affirmance of the Judgment on an appeal, the date of dismissal of such appeal, the expiration of the time for a petition for review of such appeal by the U.S. Supreme Court, and, if review is granted, the date of final affirmance of that Judgment following review pursuant to that grant.

M.      "<u>Ford</u>" means the case of *Prinda Ford, Byron Hood, Torin Brown and Kenneth Heaton*, litigated in the Superior Court of Dougherty County, Georgia, Case No. 11:CV2256-2, filed on October 6, 2011.

N.      "<u>Geddis</u>" means the case of *Chiquita Geddis, Yekether Barnes, Felicia Holt, and Deborah Harris v. Southern Home Care Services, Inc. and Res-Care, Inc.*, Case No. 3:07-CV-036-TCB, litigated in the United States District Court for the Northern District of Georgia, filed on May 1, 2007.

O.      "*Geddis/Ford* Participants" means those individuals who were named plaintiffs or opted-in as plaintiffs in *Geddis* or who were named plaintiffs in *Ford*.

P.      "GMWL" means the Georgia Minimum Wage Law, O.C.G.A. §34-4-1 *et seq.*

Q.      "<u>Judgment</u>" refers to the judgment entered by the Court in conjunction with the Final Approval Order.

R.      "<u>Maximum Settlement Amount</u>" means $7,727,500.00, and is the maximum amount payable by Defendants related to this settlement, and is inclusive of all moneys expended pursuant to this settlement, including, without limitation, Plaintiffs' attorney's fees and costs, payments to the settlement administrator, settlement payments to class members, enhancement payments to the Named Plaintiffs, and all payroll taxes associated with the settlement payments taxable as wages as set forth in the Settlement Agreement.

S.      "<u>Named Plaintiffs</u>" refers to Margaret Anderson (or individually "<u>Anderson</u>"), Mary Dixon (or individually "<u>Dixon</u>"), Latasha Williams (or individually "<u>Williams</u>") and Kyonnie Sutherland (or individually "<u>Sutherland</u>").

T.      "<u>Parties</u>" refers to the Named Plaintiffs and Defendants, and, in the singular, to any of them.

U.      "<u>Potential Liability Period</u>" means the date between August 17, 2008 and December 31, 2015, except as to the *Geddis/Ford* Participants, for whom the Potential Liability Period shall be July 4, 2012 to December 31, 2015.

V.      "Preliminary Approval Order" refers to the order of the Court granting preliminary approval of the Settlement set forth herein (substantially in the same form as Exhibit D hereto).

W.      "Qualifying Final Class Member" shall be all Final Settlement Class Members who submit a Claim Form in accordance with Section IX.

X.      "Released Claims" means all of the claims that are waived and released under Sections X. A and B hereof.

Y.      "Released Period" means from August 17, 2008 through December 31, 2015.

Z.      "Released Persons" has the meaning set forth in Section X.A., hereof.

AA.     "Settlement Administrator" refers to Simpluris, Inc., or such other entity upon whom the Parties mutually agree.

BB.     "Settlement Class" means, subject to the exclusions described below, all of SHCS's employees subject to the GMWL who worked in Georgia during the applicable Potential Liability Period and who meet all of the following criteria:

1.      Were (a) classified by SHCS as an hourly, non-exempt employee pursuant to the FLSA or (b) classified by SHCS as an exempt "companion" pursuant to 29 U.S.C. §213(a)(15);

2.      Cared for multiple clients during their workday on at least one occasion during the Potential Liability Period;

3.      During such occasions where the employee cared for multiple clients during a single work day during the Potential Liability Period, drove from one client's residence to another client's residence during such workday ("Drive Time"); and

4.      Were not assigned an hourly wage by SHCS specific to their Drive Time during the Potential Liability Period.

The Settlement Class expressly excludes any *Geddis/Ford* Participant who did not meet the criteria set forth in this definition after July 3, 2012, even if such Settlement Class Member met the above criteria before July 3, 2012.   Based upon the definitions above, the Parties estimate that the Settlement Class consists of approximately 10,700 members.

CC.     "Settlement Class Member" means any current or former SHCS employee included in the definition of the Settlement Class.

DD.     "Settlement Share" refers to the payment to which a Qualifying Final Settlement Class Member is eligible pursuant to this Settlement, as more fully set forth in Section IX.A.6., below.

EE.   "Submission Date" refers to the date by which a Settlement Class Member must submit a valid claim for to claim their Settlement Share, which shall be forty-five (45) days after the date of first mailing.  If a second mailing to any Settlement Class Member is required as a result of the initial mailing being returned as undeliverable, the Submission Date for those Settlement Class Members only, who shall be sent a second mailing, will be extended for fifteen (15) days (60 days from first mailing) irrespective of when the first mailing was returned as undeliverable.

## III.   APPLICATION FOR COURT APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, CLASS NOTICE AND FINAL APPROVAL HEARING

Promptly upon the full execution of this Settlement Agreement (or sooner if the Parties confirm to one another full agreement to the terms of this Settlement Agreement), Plaintiffs shall apply to the Court for approval of the Settlement, including a Preliminary Approval Order substantially in the form attached as Exhibit D, preliminarily approving the Settlement Agreement under the legal standards relating to the preliminary approval of class action settlements; approving the Class Notice, Claim Form, and Exclusion Form, as attached hereto as Exhibits A, B, and C, respectively; and setting a final approval hearing and briefing schedule. Solely for purposes of this Settlement, Defendants stipulate that the Settlement Class meets all of the class certification requirements of Fed. R. Civ. P. 23.  Should this Settlement not become effective for any reason, the fact that the Parties stipulated to certification of a Settlement Class in this Settlement Agreement shall have no bearing on and not be admissible on the question of whether a class should be certified or should continue to be maintained in a non-settlement context, in the Action or any other lawsuit or proceeding, and as to Defendants' liability for the claims alleged by Plaintiffs, individually and on behalf of the Settlement Class, which liability Defendants expressly deny.

## IV.   CLAIMS ADMINISTRATION

A.   Engagement of Settlement Administrator.   Promptly upon entry of the Preliminary Approval Order (if not sooner), the Parties shall engage the Settlement Administrator.  As more fully set forth in Section IX, Defendants shall pay the Settlement Administrator's reasonable fees, estimated not to exceed $30,000, out of the Maximum Settlement Amount.

B.   Duties of Settlement Administrator.  The Settlement Administrator shall be solely responsible for:

1.   Preparing, printing and disseminating to Settlement Class Members the Class Notice, Claim Form, and Exclusion Form;

2.   Promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Settlement Class Members which the Settlement Administrator receives;

3.   Determining and distributing the claimed Settlement Share of each qualifying Final Settlement Class Member in accordance with this Settlement Agreement;

4.      Keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed;

5.      Preparing and mailing, in accordance with this Settlement Agreement and Order of the Court, the Named Plaintiffs' enhancement awards, and Settlement Shares to claiming Final Settlement Class Members;

6.      Performing all tax calculation and reporting duties required by federal, state or local law including the filing and distributing of all necessary tax returns and related forms (e.g., 1099s, W-2s, etc.);

7.      Referring to Class Counsel all inquiries by Settlement Class Members regarding matters not within the Settlement Administrator's duties specified herein;

8.      Apprising counsel for the Parties of the activities of the Settlement Administrator;

9.      Maintaining adequate records of its activities, including the dates of each mailing of Class Notices, returned mail and other communications and attempted written or electronic communications with Settlement Class Members;

10.      Confirming in writing its completion of the administration of the settlement;

11.      Preparing a final report summarizing the number of requests for exclusion and disputes filed;

12.      Preparing a declaration attesting to compliance with the requirements set forth above.  Such declaration shall be provided to Class Counsel and Defendants' Counsel and filed with the Court no later than ten (10) days prior to the Final Approval Hearing, or as soon as practicable prior to the Final Approval Hearing if administration is not complete by the above-referenced 10-day deadline;

13.      Resolving disputes during the claims administration process in the manner provided under subparagraph C below; and

14.      Such other tasks as the Parties mutually agree.

C.      Dispute Resolution.   The Settlement Administrator will have the initial responsibility for resolving all disputes, including those where Defendants' records differ from the information submitted by (1) Settlement Class Members with their Claim Forms or (2) individuals contending they should be Settlement Class Members by giving written notice to the Claims Administrator that arise during the claims process, including, without limitation, disputes regarding whether an employee is entitled to a Settlement Share and, if so, to what extent.  In resolving such disputes, Defendants' employment records shall be presumed to be accurate and correct, and shall be final and binding, unless the information submitted by the Settlement Class Member (*e.g.*, time records, pay stubs, employment records, termination notice, final pay information, *etc.*) conclusively proves otherwise, or Defendants agree with the accuracy of the

information provided.  In the event the Settlement Administrator cannot resolve a dispute based on a review of the available information, or if any other dispute arises regarding the application or interpretation of this Agreement that cannot be resolved by the Settlement Administrator, the Settlement Administrator will request a conference call between the Settlement Administrator, Class Counsel, and Defendants' Counsel to discuss and resolve the dispute. If the dispute cannot be resolved following such call, the parties shall submit the dispute to Hunter Hughes for final and binding arbitration, with Mr. Hughes's costs allocated equally between the parties.  Such resolution(s) shall be final and binding on the Settlement Class Member(s) involved in the dispute.

## V.   CLASS NOTICE AND EXCLUSION FORM

A.   <u>Initial Identification of Settlement Class Members</u>.  Within thirty (30) days of the date of the Preliminary Approval Order, Defendants will provide the Settlement Administrator and Class Counsel a confidential list containing, to the extent reasonably ascertainable by Defendants' records, the name, last known address, telephone number, and social security number of each Settlement Class Member. Defendant will also provide the dates of employment and estimated Total Drive Miles and Total Drive Time (as calculated by Resolution Economics, Defendants' expert labor economists, which Class Counsel and the Final Settlement Class Members accept as accurate for purposes of this Settlement) for each Settlement Class Member during the Potential Liability Period (taking into account the different periods applicable to the *Geddis/Ford* Participants and the other Settlement Class Members). Defendants shall provide this information to the Settlement Administrator in a Microsoft Excel file or other electronic format that is acceptable to both Defendants and the Settlement Administrator.

B.   <u>Mailing of Class Notice</u>.  Promptly upon receipt of the Settlement Class Member information from Defendants, the Settlement Administrator shall obtain updated forwarding addresses from the U.S. Postal Service.  Within 10 business days after receipt of the Settlement Class Member information identified in Section V.A., the Settlement Administrator shall mail the Class Notice to all Settlement Class Members via first-class U.S. mail using the updated address information.

C.   <u>Submission of Exclusion Forms</u>.  To exclude themselves from the settlement and the application of this Settlement Agreement (including, without limitation, the releases contained herein), a Settlement Class Member must return a completed Exclusion Form to the Settlement Administrator that is postmarked no later than the last day of the Exclusion Period.  If an Exclusion Form is returned without a postmark, Exclusion Forms received within 10 business days of the Submission Deadline will be presumed to be submitted timely.

## VI.   BINDING EFFECT; EXCLUSION AND OBJECTION RIGHTS

A.   <u>Right of Settlement Class Members to Be Excluded</u>.  Any Settlement Class Member, other than a Named Plaintiff, may elect to be excluded from the Settlement Class at any time during the Exclusion Period.  To be effective, any such election must be made in writing; must contain the name, address, telephone number, and last four digits of the social security number of the Settlement Class Member requesting exclusion; must be signed by the individual who is electing to be excluded; and must be mailed to the Settlement Administrator and

postmarked on or before the end of the Exclusion Period subject to the provisions of Section V.C above.  Timely submission of a fully completed and accurate Exclusion Form to the Settlement Administrator as provided herein shall comply with these requirements.   If an Exclusion Form or other compliant exclusion notice is submitted but is untimely or incomplete, Defendants may, at their sole discretion, waive the requirements above and accept the exclusion.  If the Exclusion Form is incomplete or defective and will not be accepted by Defendants, Defendants will promptly notify the Administrator who will notify the sender in writing as soon as possible about the defect and the deadline to cure the defect.  Promptly upon receipt of any exclusion notice, the Settlement Administrator shall identify to the Parties any exclusion notice submitted, and state whether it is defective in any way.   Where a postmark is included, the date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely.  If an Exclusion Form is returned without a postmark, Exclusion Forms received within 10 business days of the Submission Deadline will be presumed to be submitted timely.  Any Settlement Class Member who timely requests exclusion in compliance with these requirements: (i) shall not have any rights under this Settlement Agreement; (ii) shall not be entitled to receive a Settlement Share; (iii) shall not be entitled to submit an objection to this Settlement Agreement; and (iv) shall not be bound by this Settlement Agreement, the Final Approval Order, or the Judgment.

B.    Binding Effect on Final Settlement Class Members.  Except for those Settlement Class Members who exclude themselves in compliance with the procedures set forth above, all Settlement Class Members will be deemed to be Final Settlement Class Members for all purposes under this Settlement Agreement; will be bound by the terms and conditions of this Settlement Agreement, the Final Approval Order, the Judgment, and the releases set forth herein; and, except as provided in Section VI.C, below, will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.    Right to Object.  Any Final Settlement Class Member, other than the Named Plaintiffs, may object to this settlement, provided that such objections are made in a writing and either filed electronically through the Court's ECF system or mailed to the Court, Settlement Administrator, Class Counsel, and Defendants' Counsel so that it is postmarked no later than the last day of the Exclusion Period.  Such objection shall include the name and address of the objector, the basis for any objection, the signature of the objector, and, if the objector is represented by counsel, the name, address and signature of the objector's counsel. No Final Settlement Class Member may be heard at the Final Settlement Hearing who has not complied with these requirements and any Final Settlement Class Member who fails to comply with these requirements will be deemed to have waived any right to object to any and all terms, provisions and conditions of the Settlement.

D.    Communication Between Counsel Regarding Objections and Exclusions.  Upon receipt, counsel for the Parties or the Settlement Administrator shall promptly exchange with one another and provide to one another copies of all objections, exclusions and/or challenges to the Settlement or to any part thereof.

E.    Prohibition on Filing Complaints or Proceedings Pending Final Approval.   The Named Plaintiffs shall be prohibited from receiving any equitable relief and/or monetary recovery from a complaint or charge of any kind filed with any state agency, the federal

Department of Labor, or from initiating or pursuing any lawsuit or other legal proceeding regarding any of the Released Claims as defined in Section X., below. Final Settlement Class Members shall similarly be prohibited from receiving any equitable relief and/or monetary recovery from a complaint or charge of any kind filed with any state agency, the federal Department of Labor, or from initiating or pursuing any lawsuit or other legal proceeding regarding any of the Released Claims as defined in Section X during the time period between the date the Class Notice is mailed and the entry of the Final Approval Order (or, if no Final Approval Order is entered, the date of the Final Approval Hearing during which the Court fully and finally disapproves of the Settlement contemplated herein). The terms of this subsection will be included in the Preliminary Approval Order (Exhibit D).

F.      Covenant Not to Sue or Participate in Any Other Action. Subject to the Court's granting of final approval of the settlement contemplated herein, any Final Settlement Class Member shall be forever barred from filing any other action or proceeding or participating either as a named plaintiff or as an unnamed class member in any other lawsuit or class action in any state or federal court or administrative tribunal as permitted by law regarding any of the Released Claims as defined in Section X below.

## VII.   FINAL SETTLEMENT APPROVAL

To the extent the Court finds it necessary, a hearing shall be held for the purpose of entering the Final Approval Order and entry of Judgment approving this Settlement Agreement and releasing the claims of the Final Settlement Class. The date of the hearing shall be set by the Court and notice of such shall be provided to Settlement Class Members in the Class Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members. If no objections are filed, the Court may determine that a hearing is not necessary and may enter the Final Approval Order and Judgment without further hearing as it deems appropriate.

## VIII.  SETTLEMENT TERMINATION

A.      Grounds for Settlement Termination.      In accordance with the procedures specified in Section VIII.B below, this Settlement Agreement may be terminated by any Party if the Court declines to enter the Preliminary Approval Order, Final Approval Order or Judgment in substantially the form submitted by the Parties, or the agreed-upon settlement does not become final for any other reason. Defendants may, at their sole discretion, terminate the Settlement Agreement if ten percent (10%) or more of the Settlement Class Members, by number and/or by value, exclude themselves from the settlement. Defendants must exercise their right to withdraw by providing written notice to Class Counsel within twenty (20) days of receiving notice from the Settlement Administrator that the total number of requests for exclusion has reached ten percent (10%). Defendants' Counsel shall be provided by the Settlement Administrator with the identity of any Settlement Class Member who excludes themselves from the settlement.

B.      Procedures for Termination. To terminate this Settlement Agreement on one of the grounds specified above, the terminating Party shall give written notice to the other Party no later than ten (10) days after the Court acts in such a way as to trigger a termination event (as

applicable) or twenty (20) days of receiving notice from the Settlement Administrator that the total number or value of requests for exclusion has reached ten percent (10%).

        C.    <u>Effect of Termination</u>.  Termination of this Settlement Agreement shall have the following effects:

        1.    The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms, except for Sections III, VIII.C, and XI;

        2.    The Preliminary Approval Order, Final Approval Order and Judgment shall be vacated;

        3.    The Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action prior to the Settlement;

        4.    Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of the Settlement shall be admissible or offered into evidence in the Action or any other action for any purpose other than to enforce the terms of the Settlement.

        5.    The Parties shall stipulate to a schedule for the Action that is sufficient for the completion of additional discovery, expert discovery, dispositive motion practice (including summary judgment and decertification motions) and trial.

        6.    Except as required by the Court, as is necessary to inform the Court of the termination of this Settlement, and to implement the provisions of Sections VIII.C.1. through 5., above, the Parties shall not contact the media or otherwise make public comment regarding the proposed Settlement, its terms, the termination thereof, or the reasons therefor.

## IX.    **SETTLEMENT PAYMENTS**

        A.    <u>Defendants' Settlement Payment Obligations</u>.

        1.    <u>Settlement Amount</u>.  The Settlement Amount shall be the amount actually paid by Defendants pursuant to this Settlement Agreement.

        2.    <u>Reasonable Attorneys' Fees and Litigation Expenses</u>.  Class Counsel will request, without opposition from Defendants, that the Court award them reasonable attorneys' fees in an amount up to and including Two Million, Five Hundred Seventy-Five Thousand, Eight Hundred Thirty-Three Dollars and Thirty-Three cents ($2,575,833.33), and incurred litigation expenses not to exceed $60,000, to be divided among Class Counsel as they may agree. Defendants agree not to oppose such requests.  The award of reasonable attorneys' fees and litigation costs granted by the Court will be subtracted from the Maximum Settlement Amount for purposes of calculating the amounts otherwise potentially payable hereunder.  Any award of attorneys' fees and costs shall include and satisfy all past and future fees and costs incurred to prosecute and settle the Action and this Settlement Agreement, including addressing objections, work associated with settlement administration, obtaining the Final Approval Order and

Judgment, and any appeals.  The Settlement Administrator's costs shall not exceed $30,000 and are separate from the litigation costs incurred by Class Counsel.  If the Court awards lesser amounts in attorneys' fees and/or costs to Class Counsel, the difference between the amounts allocated under this Settlement Agreement and the amounts awarded shall be included in the Maximum Distributable Amount (as defined in Section IX.A.5.).

3.    <u>Reasonable Expenses of the Settlement Administrator</u>.    The expenses of the Settlement Administrator, not to exceed $30,000.00, shall be paid out of the Maximum Settlement Amount.   If Settlement Administrator expenses are less than the stated amount, the difference between the amount allocated under this Settlement Agreement and the amount awarded shall be included in the Maximum Distributable Amount (as defined in Section IX.A.5).

4.    <u>Reasonable Enhancement Award to the Named Plaintiffs</u>.  Class Counsel have stated they will seek approval from the Court for a reasonable enhancement award to the Named Plaintiffs, in a total aggregate amount not to exceed Thirty Thousand Dollars ($30,000), with each of the four Named Plaintiffs receiving $7,500 of that amount.  If the Court awards a lesser amount to the Named Plaintiffs, the difference between the amount allocated under this Settlement Agreement and the amount awarded shall be included in the Maximum Distributable Amount (as defined in Section IX.A.5).

This payment is in addition to each Named Plaintiffs' Settlement Share to which she may be entitled (if any) as a member of the Final Settlement Class.  The Named Plaintiffs will receive an IRS Form 1099 for the portion of the settlement distributed to him or her that represents his or her respective enhancement payment.  The Named Plaintiffs shall be responsible for properly declaring such income to the appropriate taxing authorities and for paying any taxes due on such amounts. In exchange for this enhancement award, the Named Plaintiffs will enter into a binding general release of all known and unknown claims they may have against Defendants.

5.    <u>Allocations to the Settlement Class</u>.  The amount remaining from the Maximum Settlement Amount after deducting the reasonable attorneys' fees and litigation costs, reasonable claims administration costs, reasonable enhancement payments, and the amount calculated to be the employer's portion of taxes due on wages ("Employer Taxes") (resulting in the "Maximum Distributable Amount") will be available for distribution to Final Settlement Class Members who do not exclude themselves and who make claims in accordance with the terms of this Agreement.  Although the Employer Taxes initially will be deducted to establish the Maximum Distributable Amount, if, after the claims period closes, the amount of unclaimed funds exceeds the Employer Taxes, the Maximum Distributable Amount will be increased by the amount of the Employer Taxes and the distributions to the Class Members will be recalculated before payments are sent to those eligible for payment.  In that event, the Employer Taxes will be paid from the unclaimed settlement funds and not deducted from the Maximum Settlement amount as part of calculating the Maximum Distributable Amount.

6.    <u>Calculation of Settlement Shares</u>.  The Settlement Share to which each Final Settlement Class Member is eligible (provided they file a valid claim, as described below) shall be calculated by first allocating a minimum Settlement Share of twenty-five dollars ($25.00) to each Settlement Class Member. After such allocation, the remainder of the Maximum

Distributable Amount shall additionally be allocated among the Settlement Class Members as follows:

**Pro Rata Percentage:**

Total Hours of Estimated Drive Time by the Settlement Class Member in his/her applicable Potential Liability Period

_____

Total of Hours of Estimated Drive Time by all Settlement Class Members in all applicable Potential Liability Periods

**Settlement Share:**

The Total Remaining Maximum Distributable Amount x the Settlement Class Member's Pro Rata Percentage

7.      <u>Forms Provided to Class Members.</u>  The Class Notice shall be accompanied by a Claim Form, which shall inform each Settlement Class Member: (1) that the Class Member agrees to participate in the settlement for all purposes and thereby waive any additional rights the Class Member may have related to the Class Claims; (2) that the Class Member is shown by Defendants' records to have worked in the Plaintiff Class; (3) the total Drive Time Miles attributed to the individual, (4) the Total Drive Time Hours attributed to the individual, (5) the estimated Settlement Share for the individual (6) that the Class Member shall have until the Submission Date to submit his or her Claim Form to the Settlement Administrator; and (7) to obtain a Settlement Share, the Settlement Class Member must file a valid Claim Form and not exclude him/herself from the Settlement.

8.      <u>Time for Submission of Claim Forms</u>.  A completed Claim Form must be submitted to the Settlement Administrator and postmarked, emailed, or faxed on or before the Submission Date.  If a Claim Form is returned by mail without a postmark, Claim Forms received within 10 business days of the Submission Deadline will be presumed to be submitted timely.  To be effective, the Claim Form must be submitted in writing; must contain the name, address, telephone number, and last four digits of the social security number of the Settlement Class Member making the claim, must be signed by the individual who is making the claim, and must be mailed, emailed, or faxed to the Settlement Administrator and postmarked on or before the Submission Date or be received within 10 business days if it lacks a postmark.  A claim form shall be defective if it does not contain, in legible form, all of the above-referenced information.

9.      <u>Correction of Defective Claim Forms</u>.  If the Administrator receives a defective Claim Form, the Administrator shall return the Claim Form to the Class Member via first class mail and instruct the Class Member that he or she has until the later of (i) twenty (20) days or (ii) the Submission Date within which to correct and/or complete the Claim Form and/or provide the requested information and return it via first class mail, email, or fax.  If a corrected and fully completed Claim Form is not received within said timeframe, the Claim Form shall be considered defective and invalid for purposes of this settlement.

10.      <u>Unclaimed Amounts</u>.  A Settlement Class Member must make a valid claim to obtain their respective Settlement Share.  If any Settlement Class Member does not make a valid claim by submitting a valid and timely Claim Form, then the value of the Settlement Share for such Settlement Class Member(s) shall be deemed an "Unclaimed Amount." Unclaimed Amounts shall be retained by Defendants.

11.   <u>Allocations of Settlement Payments and Taxes</u>.   All payments made to Qualified Final Settlement Class Members shall be allocated thirty-three and one-third percent (33 and 1/3%) to alleged wages (subject to tax withholding), thirty-three and one-third percent (33 and 1/3%) to alleged interest (not subject to tax withholding), and thirty-three and one-third percent (33 and 1/3%) to alleged liquidated damages (not subject to tax withholding). Defendants shall not make as part of this Settlement Agreement, nor be required to make, any deductions, nor pay any monthly contributions for any insurance, retirement, 401(k), or profit sharing plans related to monies paid as a result of this Settlement Agreement.

12.   <u>Payment of Settlement Amounts for Qualified Settlement Class Members to Settlement Administrator</u>.   The Settlement Administrator shall calculate all amounts due from Defendants for the Qualified Final Settlement Class Members (including enhancement payments to the Named Plaintiffs) no later than fifteen (15) days following the Final Effective Date. Defendants shall make payments attributable to the Qualified Final Settlement Class Members required hereunder to the Settlement Administrator no later than thirty (30) days following its receipt of final calculations from the Settlement Administrator.   If a payment becomes due on a weekend or a holiday, Defendants shall make such payment on or before the next business day following such weekend or holiday, as applicable.   Until paid to the Settlement Administrator (as provided herein) for the Qualified Final Settlement Class Members, at no time shall Defendants have the obligation to segregate the funds comprising the Settlement Amount, Maximum Settlement Amount or Maximum Distributable Amount from its other assets.   Defendants shall retain exclusive authority over, and responsibility for, those funds until paid.

13.   <u>Payment by Defendants of Attorneys' Fees and Costs</u>.   Defendants shall wire the amounts for approved attorneys' fees and litigation expenses to Class Counsel in accordance with written instructions provided by Class Counsel.   These amounts will be wired no later than fifteen (15) calendar days after the Final Effective Date.

14.   <u>Timing of Payments</u>.   All payments authorized by this Settlement Agreement shall be made by the Settlement Administrator within twenty (20) days following payment of such amounts to the Settlement Administrator by Defendants.   All payments shall be sent to the applicable Final Settlement Class Members by First Class Mail and shall be less all applicable withholdings.   Checks not negotiated within one hundred eighty (180) days from their issue are void and may not be recovered by the applicable Final Settlement Class Member.   All such amounts shall be deemed Unclaimed Amounts and returned by the Settlement Administrator to Defendants within thirty (30) days following the expiration of the 180-day check negotiation deadline described above.

B.   <u>Tax Reporting and Withholding</u>.   The Settlement Administrator shall be responsible for ensuring that all taxes associated with the Settlement Agreement are calculated, withheld and timely paid to the appropriate authorities.   The Settlement Administrator's responsibilities include the following:   (i) filing all federal, state and local employment tax returns, income tax returns, and other tax returns associated with the taxes, (ii) timely and proper filing of all required federal, state and local information returns (e.g., 1099s, W-2s, *etc.*) with the appropriate taxing authorities, (iii) notifying Defendants of the employer's portion of federal, state, or local wage-related taxes and ensuring those amounts are remitted to the Settlement Administrator and then to the appropriate government entity (or entities) and (iv) completion of

any other steps necessary for compliance with any tax obligations under federal, state and/or local law.   In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph.   Such elections shall be made in compliance with the procedures and requirements contained in the regulations.   It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver all necessary documentation for signature as may be required, withhold and transmit payroll or wage related taxes and deductions, and thereafter to cause the appropriate filing of such documentation to occur.

## X.    RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS.

A.    Release of Claims.   Through the Final Effective Date and in exchange for the consideration provided pursuant to this Settlement Agreement, the Named Plaintiffs and each Final Settlement Class Member releases Defendants and their past, present, and future parents, affiliates, subsidiaries, divisions, related business entities, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of its and their past, present and future shareholders, officers, directors, trustees, agents, employees, attorneys, contractors, representatives, partners, joint venturers, insurers, benefit plans, divisions, units, branches, or other persons or entities acting on their behalf (collectively, the "Released Persons") from any and all wage and hour related claims, whether under the FLSA, the GMWL, or under any other legal theory, including, without limitation, all claims that were or could have been asserted in the Action, whether known or unknown, suspected or unsuspected, concealed or hidden.

The listing of certain provisions here are for example only, and do not limit in any way the nature of this release, which is intended by the Parties to encompass all wage and hour claims (including any damages, equitable relief, interest, costs, liquidated damages or attorney's fees associated therewith).

The Named Plaintiffs and Final Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the Released Claims, but agree that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Final Settlement Class Members expressly assume the risk, they freely and voluntarily give the release as set forth above.

B.    Release of Attorney's Fees Claims.   Class Counsel fully and finally releases, following Defendants' payment of the approved attorneys' fees payable pursuant to the terms of this Settlement Agreement, the Released Persons from any claims they have related to issuance of such payment.

C.    Released Claims.    All of the claims, known or unknown, suspected or unsuspected, concealed or hidden, asserted or unasserted, which are waived and released under Sections X.A and B above are referred to herein as the "Released Claims."

D.     _Assignment_.   The Named Plaintiffs and Final Settlement Class Members each represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

E.     _Waiver of Appeal_.   Any Final Settlement Class Member who does not submit a valid objection to the Settlement waives any and all rights to appeal from the Final Approval Order and Judgment, including, but not limited to, all rights to any post-judgment proceeding and appellate proceeding such as a motion to vacate judgment, motion for new trial, and all extraordinary writs.   This waiver does not include a waiver of the right to oppose any appeals, appellate proceedings or post-judgment proceedings, if any.

F.     _General Release of Claims by Named Plaintiffs_.   In exchange for the consideration set forth in this Settlement Agreement, which includes consideration beyond which the Final Settlement Class Members will be entitled to receive before entering into this Settlement Agreement, the receipt and sufficiency of which is expressly acknowledged, in addition to releasing the Released Claims as set forth above, the Named Plaintiffs on behalf of themselves and their respective heirs, marital community, executors, administrators, attorneys, agents, representatives and assigns, does hereby and forever release, waive, acquit and discharge the Released Persons from any and all claims, causes of action, actions, damages, losses, demands, accounts, reckonings, rights, debts, liabilities, obligations, disputes, controversies, payments, costs and attorneys' fees of every kind and character, known or unknown, suspected or unsuspected, concealed or hidden, existing or contingent, latent or patent, including but not limited to the matters alleged in, arising from or related to the Named Plaintiffs' employment with Defendants, the cessation of said employment or the filing, prosecution or defense of the Action ("the General Release").

It is the intention of Named Plaintiffs and Defendants that the General Release entered into by the Named Plaintiffs as a part of this Settlement Agreement shall be effective as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of whatsoever character, nature and kind, known or unknown, suspected or unsuspected, concealed or hidden.   The Named Plaintiffs expressly agree that the release provisions herein contained shall be given full force and effect in accordance with each and all of their express terms and provisions, including but not limited to those terms and provisions relating to unknown or unsuspected claims, demands and causes of action hereinabove specified.   The Named Plaintiffs specifically agree to assume the risk of the subsequent discovery or understanding of any matter, fact or law which if now known or understood would in any respect have affected this Settlement Agreement.

## XI.     **INADMISSIBILITY OF SETTLEMENT AGREEMENT/DENIAL OF LIABILITY**

This Settlement Agreement is the result of a good faith compromise of disputed claims, and neither it nor any statement or conduct in furtherance of the settlement shall be offered or construed to be an admission or concession of any kind by any Party.   In particular, but without limiting the generality of the foregoing, nothing about this Settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault whatsoever by Defendants, which expressly deny any liability, wrongdoing, impropriety, responsibility, or fault whatsoever.   In addition, and also without limiting the generality of the

foregoing, nothing about this Settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying or maintaining a class in the Action or any other action for adversarial, rather than settlement purposes.

## XII.   COMMUNICATIONS REGARDING SETTLEMENT

Communications regarding this Settlement prior to the Final Approval Date shall be limited to Court-Approved Notices in the Action.   After the Final Approval Date, Class Counsel and the Named Plaintiffs agree that they will not issue any press releases, make any statements on any web sites, or otherwise contact the media to publicize the Action and/or the terms of this Settlement, including identifying the Defendants or any of their affiliated entities in conjunction with the Action, the Settlement, or this Settlement Agreement.  Nothing herein shall be construed to prevent Class Counsel from communicating with Settlement Class Members or their representatives about this Settlement or to prevent the Parties or their representatives from communicating with financial or legal advisors regarding the Settlement.  Additionally, nothing herein shall be construed to prevent Class Counsel from referring to this settlement in future applications in other matters to prove their adequacy as attorneys for a putative class or to justify an award of attorney's fees.

## XIII.   INTERIM STAY OF PROCEEDINGS

The Parties agree to an immediate stay of all proceedings in the Action except such as are necessary to implement the Settlement itself.

## XIV.   NOTICES

All notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and, except as provided elsewhere in this Settlement Agreement or in any communication to the Settlement Class, shall be delivered personally, via postage prepaid first-class mail, by email, or by fax.  Delivery by email is effective the date it was sent, provided the recipient acknowledges in writing within three (3) business days the receipt of the email.  Delivery by fax is effective as of the date the fax is received, provided the sender receives confirmation that the fax transmission was successful. The contact information is as follows:

If to Plaintiffs or Class Counsel, then to:

Benjamin H. Terry
**Law Offices of Benjamin H. Terry, P.C.**
312 Crosstown Road, #355
Peachtree City, Georgia 30269
Fax: 678-817-9969
bht@bhtlaw.com

J. Marcus Howard
Geoffrey E. Pope
**Pope & Howard, P.C.**
945 East Paces Ferry Road

Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326
Fax:  404-885-9998
gpope@popehoward.com
mhoward@popehoward.com


J. Derek Braziel
**Lee & Braziel, LLP**
1801 North Lamar Street, Suite 325
Dallas, Texas 75202
Fax:  214-749-1010
jdbraziel@L-B-Law.com

       If to Defendants or Defendants' Counsel, then to:

**Hawkins Parnell Thackston & Young LLP**
Ronald G. Polly, Jr.
Matthew A. Boyd4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
Tel: (404) 614-7400
Fax:  (404) 614-7500
rpolly@hptylaw.com
mboyd@hptylaw.com

## XV.    RETENTION OF JURISDICTION BY THE COURT

       Following entry of the Final Approval Order and Judgment pursuant to this Settlement Agreement, the Court shall retain jurisdiction for the purpose of addressing any issues which may arise with respect to settlement administration or the enforcement of the terms of this Settlement Agreement or any protective orders previously entered in the Action.

## XVI.  ENTIRE AGREEMENT

       This Settlement Agreement and its associated Exhibits set forth the entire agreement of the Parties with respect to their subject matter and supersede any and all other prior agreements and all negotiations leading up to the execution of this Settlement Agreement, whether oral or written, regarding the subjects covered herein.  The Parties acknowledge that no representation, inducement, promise or statement relating to the subjects covered herein, oral or otherwise, has been made by any of the Parties or by anyone acting on behalf of the Parties which is not embodied or incorporated by reference herein, and further agree that no other agreement, covenant, representation, inducement, promise or statement relating to the subjects covered herein exists that is not set forth in writing in this Settlement Agreement.

## XVII.  MODIFICATION OR AMENDMENT

This Settlement Agreement may not be modified, amended or altered except in a writing signed by each Party whose rights or obligations hereunder would be affected thereby or by that Party's authorized legal representative, or as ordered by the Court.  A signature by Class Counsel shall bind the Final Settlement Class.

## XVIII.  CHOICE OF LAW

This Settlement Agreement shall be governed by and construed, enforced and administered in accordance with the laws of the State of Georgia, without regard to its conflicts-of-law rules.

## XIX.  CONSTRUCTION

This Settlement Agreement is entered into freely and voluntarily, with each Party having been represented by counsel in the settlement negotiations leading up to, and in connection with the preparation and execution of, this Settlement Agreement.  The Parties acknowledge and agree that all Parties had an equal hand in drafting this Settlement Agreement so that it shall not be deemed to have been prepared or drafted by one Party or another.

## XX.  EXECUTION IN COUNTERPARTS

This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.  Any signature to this Settlement Agreement transmitted or obtained by facsimile, electronic mail or electronic signature service, or any copies of any such signatures are valid and binding.

## XXI.  AUTHORITY

The individuals signing this Settlement Agreement on behalf of Defendants represent and warrant that they are duly authorized to do so.  Counsel for the Parties likewise represent and warrant that they are duly authorized by their respective clients to approve this Settlement Agreement and to take all appropriate action required and permitted to be taken by this Settlement Agreement.

## XXII.  CIRCULAR 230 DISCLAIMER

The Parties acknowledge and agree that (1) no provision of this Settlement Agreement and no written communication or disclosure between or among the Parties or their attorneys and other advisors is or was intended to be, nor shall any communication or disclosure constitute or be construed or be relied upon as tax advice within the meaning of the United States Treasury Department Circular 230 (31 (CFR Part 10, as amended)); (2) Each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisors for advice (including tax advice) in connection with this Settlement Agreement (b) has not entered into this Settlement Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or advisor to any other party to avoid any tax penalty that may be imposed on the Party; and (3)

no attorney or advisor to any other party has imposed any limitation that protects the confidentiality of any such attorney's or advisor's tax strategies (regardless whether such limitation is legally binding) upon disclosure by the Party of the tax treatment or tax structure of any transaction, including transaction contemplated by this Settlement Agreement.

## XXIII. <u>REASONABLE COOPERATION</u>

The Parties shall provide reasonable cooperation with one another and the Settlement Administrator in implementing this Settlement Agreement, including but not limited to providing information and executing documents necessary to effectuate its purpose.

## XXIV. <u>MISCELLANEOUS</u>

A.    <u>Headings</u>.    The headings in this Settlement Agreement are included for convenience only and shall not be given weight in its construction.

B.    <u>Signatures</u>.    Facsimile or e-mail transmissions of the signatures or digital signatures of the Parties or their representatives shall be binding on the Parties.

**IN WITNESS WHEREOF**, this Settlement Agreement, consisting of twenty (20) pages (not including signature pages) plus Exhibits A through D, has been duly executed by and on behalf of the Parties on October _____, 2018.


DATED: _____          _____
                                     MARGARET ANDERSON


DATED: _____          _____
                                     MARY DIXON


DATED: _____          _____
                                     LATASHA WILLIAMS


DATED: _____          _____
                                     KYONNIE SUTHERLAND


                                     RES-CARE, INC.


DATED: _____          By:_____

SOUTHERN HOME CARE SERVICES, INC.

DATED: _____          By:_____

**APPROVED AS TO**                    LAW OFFICE OF BENJAMIN H. TERRY,
**FORM & CONTENT:**                   P.C..

                                      By:_____
                                          Benjamin H. Terry, Esq.
                                          Class Counsel

                                      POPE & HOWARD, P.C.

                                      By:_____
                                          J. Marcus Howard, Esq.
                                          Class Counsel

                                      LEE & BRAZIEL, LLP

                                      By:_____
                                          J. Derek Braziel
                                          Class Counsel

**APPROVED AS TO**                    HAWKINS PARNELL THACKSTON &
**FORM & CONTENT:**                   YOUNG LLP

                                      By:_____
                                          Ronald G. Polly, Jr. Esq.
                                          Counsel for Defendants

**EXHIBIT A**

**[CLASS NOTICE FORM]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARGARET ANDERSON, *et al.*, | ) | |
| Individually and on behalf of all | ) | |
| Others similarly situated, | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:13-cv-00840-LMM |
| SOUTHERN HOME CARE | ) | |
| SERVICES, INC.,    and RES-CARE, INC., | ) | |
| | ) | |
|      Defendants. | ) | |
| _____ | ) | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**THIS IS AN OFFICIAL COURT NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT**

**WHY IS THIS NOTICE BEING SENT TO YOU?**

    This Notice is part of an Order by the United States District Court for the Northern District of Georgia, Atlanta Division (the "Court"), dated _____.   The purpose of this Notice is to inform you of the settlement of a class action lawsuit entitled *Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland, individually and on behalf of all others similarly situated, v. Southern Home Care Services, Inc. and Res-Care, Inc,* Case No. 1:13-cv-00840-LMM (the "Action"), in which plaintiffs, Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland, allege violations of Georgia's minimum wage laws.   When approved, the settlement will result in: (a) payment of money to Settlement Class Members; (b) dismissal of the pending Action; and (c) the release of certain potential or actual claims which Settlement Class Members may have against Southern Home Care Services, Inc. ("SHCS") and Res-Care, Inc. ("ResCare"). The material terms of the settlement are described below in more detail.

    You have received this Notice because you may be in a group of Class Members in this Settlement Class and this Notice contains important information regarding your rights under the proposed settlement.  If you are a Class Member, you will be eligible to receive money as part of

- 1 -

the settlement, but in exchange you give up certain potential claims and rights against SHCS and ResCare.

## WHAT TO DO IF YOU WISH TO OBTAIN MONEY IN THIS SETTLEMENT

To participate in the monetary relief offered in this Settlement, you must (1) not exclude yourself from the settlement; and (2) timely file a valid and complete claim form.

## WHAT ARE THE CRITICAL DATES AND DEADLINES?

[DATE]          The last day to submit your Exclusion Form to exclude yourself from the settlement, if you desire to do so;

[DATE]          The last day to submit your Claim Form to obtain monetary relief, if you desire to do so;

[DATE]          The last day to file with the Court any objection to any terms of the proposed Settlement;

[DATE]          The Court hearing on any timely objections and hearing on final approval of settlement.

[DATE]          The approximate date payment processing and distribution begins if there are no objections, appeals, or court ordered extensions.

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people, including potentially yours in this case, are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class. This avoids a large number of individual lawsuits and enables the court to resolve similar claims efficiently in a single action. In a class action, the court supervises the prosecution of class claims to ensure fairness.

## WHAT IS THIS CASE ABOUT?

This Action asserts claims against SHCS and/or ResCare for claiming that hourly employees who drove between multiple clients during a work day should have been paid additional minimum wages for their "Drive Time."  SHCS and ResCare deny the claims made in this Action both as to facts and law, and deny any and all violation of Georgia law and any liability to its employees.  It has agreed to settle the Action to avoid the costs of further litigation.

## WHAT HAS TAKEN PLACE SO FAR IN THE CASE?

The Action was filed on February 15, 2013.  The parties have produced information to each other and conducted extensive factual and legal investigation regarding the claims. The

- 2 -

parties also participated in settlement negotiations with a professional mediator to resolve the case, which ultimately resulted in the agreement to settle the Action on the terms outlined in this Notice.   The proposed settlement was presented to the Court for Preliminary Approval on_____.   At that time, the Court preliminarily approved the settlement, certified the Class for settlement purposes only, appointed Class Counsel, and approved this Class Notice and the procedures for finalizing the settlement approval process, and set _____ as the date for a hearing on whether to grant final approval of the settlement.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

SHCS has agreed to pay a maximum <u>total</u> settlement of up to $7,727,500.   This total amount will include payments to participating Class Members, Class Counsel, the Named Plaintiffs, the Settlement Administrator, and for taxes.  Should the Court approve the settlement, and should it approve the applications of Plaintiffs Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland for enhancements and their attorneys' application for an award of attorneys' fees and costs.

**1. Payment to Class Members:**  Class Members who do not exclude themselves from the settlement and who file valid and timely Claim Forms shall receive payments from the Settlement Fund based upon the estimated time they spent driving between clients in a work day, as determined by an expert labor economist.  Settlement Payments for which individual Class Members are eligible could be as low as $25.00 or run into the thousands of dollars.  The average payment to which Class Members would be eligible is, however, approximately $466.

**2. Timing of Settlement Payments:** The portion of the settlement payments remaining after payment of the allocated administration costs, payments of attorneys' fees and litigation costs, and incentive payments as described above shall be used to pay Settlement Shares to Class Members who do not exclude themselves from the Settlement and who file valid and timely Claim Forms.   The Settlement Shares to participating Class Members shall be paid approximately 65 days after the settlement becomes final.

**3. Attorneys' Fees and Costs/Administration Costs:** Class Counsel, will apply to the Court for approval of attorneys' fees and costs in an amount not to exceed of $2,690.833.  Class Counsel will be paid at the same time as Class Member payments.  Payment of costs reasonably incurred by the Claims Administrator will be paid at the same time as Class Members (not to exceed $30,000).

**4. Proposed Incentive Payments:** The proposed incentive payment, subject to the Court's approval, is $7,500 each for Plaintiff Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland. These incentive payments are made to compensate these individuals for their time, their general release of all claims, and the potential financial risks they faced in bringing the Action.

**WHAT DO YOU GIVE UP IF YOU DO NOT EXCLUDE YOURSELF?**

If you do not affirmatively exclude yourself from this settlement, you will give up the right to sue or make administrative claims against the Released Persons for any wages, interest and penalties you may be owed through the date the Settlement becomes final. This is referred to as a "Release of All Claims." You also acknowledge that you may have Released Claims that are presently unknown and that the release contained in this settlement is intended to and will fully, finally, and forever discharge the Released Claims that were the subject of this lawsuit, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, concealed or hidden.

The Release contained in the proposed Settlement Agreement specifically reads as follows:

A.     <u>Release of Claims</u>.  Through the Final Effective Date and in exchange for the consideration provided pursuant to this Settlement Agreement, the Named Plaintiffs and each Final Settlement Class Member releases Defendants and their past, present, and future parents, affiliates, subsidiaries, divisions, related business entities, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of its and their past, present and future shareholders, officers, directors, trustees, agents, employees, attorneys, contractors, representatives, partners, joint venturers, insurers, benefit plans, divisions, units, branches, or other persons or entities acting on their behalf (collectively, the "Released Persons") from any and all wage and hour related claims, whether under the FLSA [Fair Labor Standards Act], the GMWL [Georgia Minimum Wage Law], or under any other legal theory, including, without limitation, all claims that were or could have been asserted in the Action, whether known or unknown, suspected or unsuspected, concealed or hidden.

The listing of certain provisions here are for example only, and do not limit in any way the nature of this release, which is intended by the Parties to encompass all wage and hour claims (including any damages, equitable relief, interest, costs, liquidated damages or attorney's fees associated therewith).

The Named Plaintiffs and Final Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the Released Claims, but agree that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Final Settlement Class Members expressly assume the risk, they freely and voluntarily give the release as set forth above.

B.     <u>Release of Attorney's Fees Claims</u>.  Class Counsel fully and finally releases, following Defendants' payment of the approved attorneys' fees payable pursuant to the terms of this Settlement Agreement, the Released Persons from any claims they have related to issuance of such payment.

C.     <u>Released Claims</u>.  All of the claims, known or unknown, suspected or unsuspected, concealed or hidden, asserted or unasserted, which are waived and released under Sections A and B above are referred to herein as the "<u>Released Claims</u>."

- 4 -

D.     Assignment.  The Named Plaintiffs and Final Settlement Class Members each represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

E.     Waiver of Appeal.  Any Final Settlement Class Member who does not submit a valid objection to the Settlement waives any and all rights to appeal from the Final Approval Order and Judgment, including, but not limited to, all rights to any post-judgment proceeding and appellate proceeding such as a motion to vacate judgment, motion for new trial, and all extraordinary writs.  This waiver does not include a waiver of the right to oppose any appeals, appellate proceedings or post-judgment proceedings, if any.

F.     General Release of Claims by Named Plaintiffs.  In exchange for the consideration set forth in this Settlement Agreement, which includes consideration beyond which the Final Settlement Class Members will be entitled to receive before entering into this Settlement Agreement, the receipt and sufficiency of which is expressly acknowledged, in addition to releasing the Released Claims as set forth above, the Named Plaintiffs on behalf of themselves and their respective heirs, marital community, executors, administrators, attorneys, agents, representatives and assigns, does hereby and forever release, waive, acquit and discharge the Released Persons from any and all claims, causes of action, actions, damages, losses, demands, accounts, reckonings, rights, debts, liabilities, obligations, disputes, controversies, payments, costs and attorneys' fees of every kind and character, known or unknown, suspected or unsuspected, concealed or hidden, existing or contingent, latent or patent, including but not limited to the matters alleged in, arising from or related to the Named Plaintiffs' employment with Defendants, the cessation of said employment or the filing, prosecution or defense of the Action ("the General Release").

It is the intention of Named Plaintiffs and Defendants that the General Release entered into by the Named Plaintiffs as a part of this Settlement Agreement shall be effective as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of whatsoever character, nature and kind, known or unknown, suspected or unsuspected, concealed or hidden.  The Named Plaintiffs expressly agree that the release provisions herein contained shall be given full force and effect in accordance with each and all of their express terms and provisions, including but not limited to those terms and provisions relating to unknown or unsuspected claims, demands and causes of action hereinabove specified.  The Named Plaintiffs specifically agree to assume the risk of the subsequent discovery or understanding of any matter, fact or law which if now known or understood would in any respect have affected this Settlement Agreement.

**WHY DO CLASS COUNSEL RECOMMEND THIS SETTLEMENT?**

Relative to the risks and costs of continuing the litigation, Class Counsel believe this settlement provides a favorable recovery which is in the best interests of the Class. Absent settlement, Plaintiffs would have to attempt to maintain class certification on the claims set forth in the Action over the strenuous opposition of SHCS and ResCare.  Additionally, at trial, Plaintiffs would have the burden of proof to establish liability and the amount of damages. In Class Counsel's judgment, were this case to proceed, there is a risk of an adverse result both at the certification stage, at trial, and/or on appeal. The case involves many unresolved factual and

legal issues, some of which could be decided against Plaintiffs at or before trial, and which would jeopardize Plaintiffs' ability to certify a class or to obtain a favorable judgment and preserve it on appeal. In addition, settling the case now has the further advantage of avoiding the very substantial additional costs and delay that further litigation would involve. Absent settlement, it is likely the litigation would continue for years before Class Members receive a monetary recovery, if any. Given the costs involved in further litigation and the time-value of money, even if a favorable judgment were obtained at trial, it could well produce less net recovery to the Class Members than the present settlement.

## WHAT SHOULD YOU DO IF YOU
## DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?

**You can exclude yourself from the class** by submitting a valid and timely request for exclusion if you don't wish to participate in this settlement. (See Exhibit 1 attached hereto). That is, you must state that you want to be excluded. If you submit a valid and timely request for exclusion, you will have no rights under the Settlement, you may not object to the Settlement, you will not receive any money, and will not be bound by the Settlement Agreement or the Final Judgment which the Court enters to implement the settlement.

## WHAT YOU MUST DO IF YOU
## WANT TO OBTAIN MONETARY RECOVERY

To obtain any monetary recovery, you must file a valid and timely Claim Form, which is attached hereto as Exhibit 2. If you do not submit a valid and timely Claim Form, you will not be entitled to any monetary recovery, but you will otherwise be bound by the terms of the settlement and the Release described above.

## FINAL HEARING

A final hearing to determine if the Settlement is "fair, adequate and reasonable" will be held on _____, at _____ a.m., before the Honorable Leigh Martin May in the United States District Court for the Northern District of Georgia, Atlanta Division, located at _____ (the "Final Hearing"). The Court may choose to waive the requirement of an in-person Final Hearing if no objections are filed. The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs, payments to the Settlement Administrator, and Plaintiffs' incentive awards. The Final Hearing will conclude the case by dismissal and permit the distribution of money as set-out above. **There is no need to appear at the final hearing, although you may do so if you wish.**

## WHAT IF YOU DO NOT AGREE WITH THE SETTLEMENT TERMS?

Subject to the conditions set forth below, any Class Member who does not exclude himself or herself from the Settlement may object to the proposed settlement and may appear to be heard at the Final Hearing. Objections and/or notices of intent to appear to object must: (a) be in writing, (b) clearly identify the case name and number *Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland, individually and on behalf of all others similarly*

- 6 -

*situated, v. Southern Home Care Services, Inc. and Res-Care, Inc,* Case No. 1:13-cv-00840-LMM and (c) state the specific reason for each objection and any legal support. Objections and/or notices of intent to appear to object must be filed with: Clerk of Court, United States District Court for the Northern District of Georgia, Atlanta Division, _____ with a courtesy copy delivered to the chambers of Judge May at _____. The Court must receive any written objections and/or notices of intent to appear no later than _____ along with proof of service by mail of copies to the following counsel and the Settlement Administrator:

**CLASS COUNSEL:**

Benjamin H. Terry
**Law Offices of Benjamin H. Terry, P.C.**
312 Crosstown Road, #355
Peachtree City, Georgia 30269
Fax: 678-817-9969
bht@bhtlaw.com

J. Marcus Howard
Geoffrey E. Pope
**Pope & Howard, P.C.**
945 East Paces Ferry Road
Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326
Fax:  404-885-9998
gpope@popehoward.com
mhoward@popehoward.com

J. Derek Braziel
**Lee & Braziel, LLP**
1801 North Lamar Street, Suite 325
Dallas, Texas 75202
Fax:  214-749-1010
jdbraziel@L-B-Law.com

**DEFENDANT'S COUNSEL:**

Ronald G. Polly, Jr.
Matthew A. Boyd
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400

- 7 -

**SETTLEMENT ADMINISTRATOR**

[SIMPLURIS, INC.]


Unless otherwise ordered by the Court, any Class Member who does not make his or her objection or opposition is deemed to have waived all objections and opposition timely and fully to the fairness, reasonableness and adequacy of the proposed Settlement, the distribution of Settlement payments to and among Class Members, the fee and expense application, and the incentive payment application, and will have no other chance to object, oppose or appeal any of these items. The Court may suspend or reschedule the Final Hearing without further notice to the Class. If you have any further questions, please feel free to contact Class Counsel, above. This Class Notice contains only a summary of the Action and terms of the proposed settlement.

For more detail, the pleadings and other records in the Action and the full Settlement Agreement are available for inspection by you or your representative in person at the Clerk of Court, United States District Court for the Northern District of Georgia, Atlanta Division, _____ between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED:_____

Order of: The Honorable Leigh Martin May, United States District Court Judge

12332346v.1

**EXHIBIT B**

**[PROPOSED CLAIM FORM]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARGARET ANDERSON, *et al.*, | ) | |
| Individually and on behalf of all | ) | |
| Others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:13-cv-00840-LMM |
| SOUTHERN HOME CARE | ) | |
| SERVICES, INC., and RES-CARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**IF YOU WANT TO MAKE A CLAIM UNDER THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM.**

Please provide current address (if different) here:

<<Name>>                    _____

<<Address1>>              _____

<<Address2>>              _____

<<City>>, <<State>> <<Zip Code>>_____

YOU MUST COMPLETE, SIGN, AND MAIL (BY FIRST CLASS U.S. MAIL OR EQUIVALENT), FAX, OR EMAIL THIS CLAIM FORM. IT MUST BE POSTMARKED (IF MAILED), FAXED, OR EMAILED **ON OR BEFORE** _____, ADDRESSED AS FOLLOWS, OR YOU WILL BE INELIGIBLE TO RECEIVE A MONETARY RECOVERY.

|  |
|---|
| MAIL TO: |
| |
| |
| |

- 9 -

12332346v.1

**INSTRUCTIONS:**

1.      You must complete, sign and mail, fax, or email this Claim Form in order to be eligible for monetary recovery. You must include the last four digits of your social security number in the space provided below.

2.      If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

**RELEASE OF CLAIMS**

**If you make a claim, you are releasing all wage and hour claims against Southern Home Care Services, Inc. ("SHCS") and Res-Care, Inc., and their related personnel and companies, as outlined below.  For purposes of the release, you are a "Final Settlement Class Member".**

A.      <u>Release of Claims</u>.  Through the Final Effective Date and in exchange for the consideration provided pursuant to this Settlement Agreement, the Named Plaintiffs and each Final Settlement Class Member releases Res-Care, Inc., Southern Home Care Services, Inc., and their past, present, and future parents, affiliates, subsidiaries, divisions, related business entities, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of its and their past, present and future shareholders, officers, directors, trustees, agents, employees, attorneys, contractors, representatives, partners, joint venturers, insurers, benefit plans, divisions, units, branches, or other persons or entities acting on their behalf (collectively, the "Released Persons") from any and all wage and hour related claims, whether under the Fair Labor Standards Act, the Georgia Minimum Wage Law, or under any other legal theory, including, without limitation, all claims that were or could have been asserted in the Action, whether known or unknown, suspected or unsuspected, concealed or hidden.

The listing of certain provisions here are for example only, and do not limit in any way the nature of this release, which is intended by the Parties to encompass all wage and hour claims (including any damages, equitable relief, interest, costs, liquidated damages or attorney's fees associated therewith).

The Named Plaintiffs and Final Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the Released Claims, but agree that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Final Settlement Class Members expressly assume the risk, they freely and voluntarily give the release as set forth above.

B.      <u>Release of Attorney's Fees Claims</u>.  Class Counsel fully and finally releases, following Defendants' payment of the approved attorneys' fees payable pursuant to the terms of this Settlement Agreement, the Released Persons from any claims they have related to issuance of such payment.

C.     <u>Released Claims</u>.     All of the claims, known or unknown, suspected or unsuspected, concealed or hidden, asserted or unasserted, which are waived and released under Subsections A and B above are referred to herein as the "<u>Released Claims</u>."

D.     <u>Assignment</u>.  The Named Plaintiffs and Final Settlement Class Members each represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

E.     <u>Waiver of Appeal</u>.  Any Final Settlement Class Member who does not submit a valid objection to the Settlement waives any and all rights to appeal from the Final Approval Order and Judgment, including, but not limited to, all rights to any post-judgment proceeding and appellate proceeding such as a motion to vacate judgment, motion for new trial, and all extraordinary writs.  This waiver does not include a waiver of the right to oppose any appeals, appellate proceedings or post-judgment proceedings, if any.

Southern Home Care Services, Inc. ("SHCS") records have been used to estimate that you drove approximately ____ miles and ____ hours between clients on SHCS business during the applicable time periods.   Based upon these calculations, you may be eligible for approximately $_____ in alleged minimum wages.  Note: The amount you receive could be higher or lower than this estimate.

## DECEASED OR INCAPACITATED CLASS MEMBERS

If you are submitting this Claim Form on behalf of a class member who has passed away or become incapacitated, provide details about the capacity in which you are submitting this Claim Form on separate sheets and include them with this completed Claim Form.

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

**Substitute IRS Form W-9.**

Enter the last four digits of your Social Security Number: XXX—XX–_____.

I certify that:

1.     The partial social security number shown on this form correctly states the last 4 digits of my taxpayer identification number, **and**

2.     I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and**

3.     I am a U.S. citizen or authorized to work in the U.S.

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

Dated: _____ _____
                                            Signature

**YOU MUST COMPLETE ALL PAGES OF THE CLAIM FORM.**

**EXHIBIT C**

**[EXCLUSION FORM]**

---

<u>Margaret Anderson, et al. v. Southern Home Care Services, Inc. and Res-Care, Inc.</u>
Case No. 1:13-cv-00840-LMM
<u>CLASS MEMBER EXCLUSION FORM</u>

---

**TO EXCLUDE YOURSELF FROM THIS CLASS ACTION, YOU MUST COMPLETE THIS FORM AND RETURN IT TO [CLAIMS ADMINISTRATOR ADDRESS] NO LATER THAN [DATE.]**

I, _____, wish to exclude myself from this Class Action lawsuit. If I exclude myself I understand that I will receive no money or other benefits from this lawsuit, and I will not be bound by the Settlement Agreement and Final Order in this matter.  I understand that I will retain my right to make a claim if I wish to do so.

Your Current Address:
_____
_____

Last Four Digits of Social Security Number:        _____

Current Telephone Number:        _____

Signature:        _____

**RETURN THIS FORM NO LATER THAN [DATE] TO [SETTLEMENT ADMINISTRATOR ADDRESS]. IF THIS FORM IS NOT POSTMARKED BY [DATE], YOU WILL NOT BE ELIGIBLE TO EXCLUDE YOURSELF FROM THE SETTLEMENT OF THIS THIS LAWSUIT.**

12332346v.1

**EXHIBIT D**

**[PROPOSED PRELIMINARY APPROVAL ORDER]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARGARET ANDERSON, *et al.*,<br>Individually and on behalf of all<br>Others similarly situated, | )<br>)<br>)<br>) | |
|     Plaintiffs, | )<br>) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:13-cv-00840-LMM |
| SOUTHERN HOME CARE<br>SERVICES, INC.,   and RES-CARE, INC., | )<br>) | |
| | ) | |
|     Defendants. | ) | |

On _____, the Court considered the motion of Plaintiffs Margaret Anderson, Mary Dixon, Latasha Williams and Kyonnie Sutherland ("Plaintiffs") for preliminary approval of the parties' proposed settlement, approval of the notice of settlement and claim/exclusion form to the class, appointment of Simpluris, Inc. as settlement administrator, and the setting of a date for hearing of the Final Approval of the settlement.

_____ appeared for Plaintiffs, and Ronald G. Polly, Jr. and Matthew A. Boyd appeared for Defendants.

The Court having read and considered the papers on the motion, heard the presentations of Class Counsel and Defendants' counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having carefully considered the requirements for class certification, and having determined that the Settlement is fair, adequate, and reasonable, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    The Court finds that the notice plan set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and

- 1 -

sufficient notice to the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of federal due process law.

2.      The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, and it is preliminarily approved. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement, and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

3.      Simpluris, Inc. is appointed as the Settlement Administrator.

4.      Notice shall be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of the Notice and Exclusion forms shall be filed by the parties at or prior to the Final Approval Hearing.

5.      Defendants are directed to provide to the Settlement Administrator the information for Class Members specified by the Settlement Agreement no later than thirty (30) days after the Court enters this Order.

6.      The Settlement Administrator is directed to mail the approved Notice of Settlement and Claim/Exclusion forms no later than ten (10) business days following receipt of the Class Member information from Defendants.

7.      Any Class Member who objects to the settlement must mail their objection to the Court, Settlement Administrator, Class Counsel, and Defendants' Counsel so that it is postmarked no later than 45 days following mailing of the Class Settlement Notice.

8.      Any Class Member who wishes to exclude him/herself from the Settlement must mail the Exclusion form to the Settlement Administrator within 45 days of mailing of the Class Notice.

9.      A Final Approval Hearing will be held on _____ at ____ a.m./p.m., ____, to determine whether the proposed settlement should be granted final approval.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiffs' request for class representative incentive payments and Class Counsel's request for attorneys' fees and costs.

10.     Any Class Member who complies with the procedures and requirements specified in the Notice of Settlement may appear at the final approval hearing in person or with his or her attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the class representative incentive payments and Class Counsel's attorneys' fees and costs payment.

11.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court shall retain jurisdiction necessary to effectuate this Order and to consider all further applications arising out of or in connection with the Settlement.

Dated: _____, 2018          _____
                                    Hon. Leigh Martin May,
                                    U.S. District Court Judge