IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| MARGARET ANDERSON, et al., )<br>Individually and on behalf of all )<br>Others similarly situated, )<br>  )<br>  Plaintiffs, )<br>v. )<br>  )<br>SOUTHERN HOME CARE )<br>SERVICES, INC., and RES-CARE, INC., )<br>  )<br>  Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.<br>1:13-cv-00840-LMM |

### FINAL ORDER (1) APPROVING CLASS ACTION SETTLEMENT; (2) DIRECTING ENTRY OF FINAL JUDGMENT; (3) APPROVING FEES AND EXPENSES OF CLASS COUNSEL; AND (4) APPROVING SERVICE PAYMENTS TO NAMED PLAINTIFFS

After considering Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), and Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Class Representative Fees ("Fee and Expense Motion"), Plaintiffs' Unopposed Supplemental Motion for Final Approval of Class Action Settlement and Brief in Support ("Supplemental Final Approval Motion"), together with all briefs and exhibits submitted therewith, and the pleadings and record in this case, the evidence presented to the Court, and arguments of counsel and applicable authorities, and affording all interested and qualified persons the opportunity to be heard, the Court **FINDS and RULES** as follows:

1.      The Court has jurisdiction over the subject matter of this Case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367. The Court has personal jurisdiction over the parties to the Case, including Margaret Anderson ("Anderson"), Mary Dixon ("Dixon"), Latasha Williams ("Williams"), and Keyonne Sutherland ("Sutherland") (the "Named Plaintiffs" collectively), and Defendants Southern Home Care Services, Inc. ("SHCS") and ResCare, Inc. ("ResCare") (collectively "Defendants," and together with Plaintiffs, the "Parties").[1] The Court also finds it has properly obtained personal jurisdiction over the Participating Settlement Class Members who have not properly excluded themselves from the settlement (the "Participating Class Members") by giving them proper notice and a chance to opt out or to be heard. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

2.      The Court certified the Plaintiff Class by order of April 10, 2017. (Docket 74). Lead Counsel for the Class was appointed by order of the Court on May 30, 2017. (Docket 95). On November 6, 2018 the Court preliminarily approved a settlement reached by the Parties. (Docket 95). The Court-approved initial notice was sent to the Class by the Settlement Administrator in December

---

[1] "Plaintiffs," "Participating Settlement Class Members" and "Defendants" are sometimes collectively referred to herein as "Parties" or individually as "Party." Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement. The recitals and definitions in the Settlement Agreement are incorporated herein by reference.

2018. (Final Approval Motion, Ex. A, Francisco Declaration, hereinafter "Francisco Declaration"). On February 26, 2019, Plaintiffs filed their Fee and Expense Motion. (Docket 97). On March 7, 2019, the Court approved the form of a second notice to the class, to inform the Class Members of the Fee and Expense Motion and a new date for a hearing on final approval of the settlement, set for May 1, 2019. (Docket 98). The deadline for objections to the settlement was February 4, 2019. There have been no objections. The deadline for objections to the Fee and Expense Motion was April 3, 2019. There have been no objections.

3. The Court has now conducted its review and makes the following findings and rulings supporting final approval of the Settlement, entry of Final Judgment, and the approval of Plaintiffs' attorneys' fees, expense, and service payments.

## Findings Supporting Fairness of the Settlement

4. Under Federal Rule of Civil Procedure 23(e), a court should approve a proposed class action settlement if it determines that the settlement "is fair, reasonable, and adequate" and not the product of collusion. Fed. R. Civ. P. 23(e)(2); *Adams v. Sentinel Offender Servs., LLC*, No. 1:17-cv-2813-WSD, 2018 U.S. Dist. LEXIS 78841, *20 (N.D. Ga. May 10, 2018) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and

3

in the best interest of the Class. The Eleventh Circuit has identified the following factors to evaluate whether a settlement agreement is fair, reasonable and adequate: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th Cir. 2012).; *Dikeman v. Progressive Express Ins. Co.*, 312 F. Appx. 168, 171 (11th Cir. 2008) (quoting *Bennett*, 737 F.2d at 986). Applying these six factors, the Parties' Settlement Agreement is fair, reasonable, and adequate in this case.

5. The evidence presented to this Court establishes that the settlement was negotiated at arm's length through experienced counsel after extensive informal discovery and investigation and after formal and informal mediation extending over several months. Therefore, the Court finds that the Settlement Agreement is reasonable, fair, just, and adequate and satisfies Federal Rule of Civil Procedure 23, and is hereby approved.

6. The Court further finds that individual notice (including the initial notice and the second notice approved by the Court) was sent via first class mail to Settlement Class Members, in accordance with the notice requirements specified

by the Court in the Preliminary Approval Order. (Docket 95, 98; Francisco Declaration). The Court finds such notice: (i) constituted the best notice to members of the Class that was practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the case, their right to object and to appear at a Fairness Hearing (had there been a need for one) or to exclude themselves from the Settlement, and the binding effect of the Final Judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23(c)(2); *Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974). A full opportunity has been afforded to Class Members to be heard, and all Class Members and any other person qualified per the terms of the Notice wishing to be heard have been heard. No member Class has objected to the Settlement or sought to intervene in this action.

7. A list of those members of the Class who either timely elected to opt-out of the Settlement or were permitted to opt-out after the deadline is attached to this Order as Exhibit A. All members included on Exhibit A are <u>not</u> bound by the Settlement, the provisions of the Settlement Agreement, this Order, or the Final Judgment to be entered by the Clerk of the Court hereon. Aside from those individuals listed in Exhibit B (discussed below), only such members of the Class as

5

previously certified by the Court, and who do not appear on Exhibit "A" shall be subject to the provisions of the Settlement, the Settlement Agreement, this Order, and the Final Judgment to be entered by the Clerk of the Court.

8. Exhibit B to this Order contains a list of members of the Class who submitted both a timely and sufficient claim form **and** a timely and sufficient exclusion form and who have not clarified their intentions. These individuals will receive a settlement check as though they elected to participate in the settlement along with a notice explaining the effect of negotiating the check. Negotiating the check within 60 days of its issue date will be deemed a withdrawal of the opt-out form and the perfection of a valid claim. Failure to negotiate this check within 60 days of its issue date will be deemed a withdrawal of the claim form and the perfection of a valid exclusion from this settlement. The Court APPROVES the form attached as Exhibit C and INSTRUCTS that it be provided along with the check to each Class Member listed in Exhibit B. Counsel are further DIRECTED to report back to this Court within 120 days of the issue date of the checks to provide a supplement to Exhibit A which identifies the individuals listed on Exhibit B who will be deemed to have perfected a valid exclusion from this settlement so that the public record will be clear.

9. The dismissal with prejudice and entry of the Final Judgment contemplated by the Settlement and this Order will dispose of all the claims at issue

in, or parties to, this action.  The Court finds, pursuant to Rule 54 of the Federal Rules of Civil Procedure, that there is no just reason for delay in entering the Final Judgment in the form submitted by the Parties (the "Judgment") dismissing the case with prejudice as to the Defendants and that entry of Judgment to that effect in accordance with the terms of the Settlement Agreement, as directed below, is warranted.

### Findings Supporting Award of Class Counsel's Attorneys' Fees and Costs, Settlement Administration Costs, and Class Representative Service Awards

10. Class Counsel seek an award of attorneys' fees of one third ($2,575,833.33) of the Settlement Fund, and reimbursement of costs and expenses in the amount of $60,000.  *See* Fee and Expense Motion.  The Settlement Agreement also called for payment to the Claims Administrator for costs of administration.  The Class was notified the Claims Administrator costs would not exceed $53,398.  *Id.*

11. Class Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980).  The Supreme Court has indicated that the percentage method is proper in common fund cases, *see Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984), and the Eleventh Circuit likewise recognizes the propriety of the percentage fee method.  *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

12. The Court has reviewed the application for an award of fees, costs and expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials submitted in support of that application. Although Class Counsel request an award as a percentage of the Settlement Fund, in support of their application, they have also submitted Declarations setting forth and applying the twelve factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). Those factors are:

> (1) The time and labor required.... (2) The novelty and difficulty of the questions.... (3) The skill requisite to perform the legal service properly.... (4) The preclusion of other employment by the attorney due to acceptance of the case.... (5) The customary fee [for similar work in the community].... (6) Whether the fee is fixed or contingent.... (7) Time limitations imposed by the client or the circumstances.... (8) The amount involved and the results obtained.... (9) The experience, reputation, and ability of the attorneys.... (10) The "undesirability" of the case.... (11) The nature and length of the professional relationship with the client .... [and] (12) Awards in similar cases.

*Id.* The Declarations of Class Counsel reflect that, as of August 9, 2010 (the date Class Counsel's renewed fee application was filed), Class Counsel's collective lodestar is in excess of $1,800,000.00, which included time spent administering the notice process, and communicating with members of the Settlement Class regarding the Settlement. Thus, Class Counsel's fee request is a factor of only 1.43 against the aggregate lodestar. Taking into consideration the Declarations of Class Counsel, the Declaration of Robert C. Stevens, the absence of objections to the fee and expense

request, and the record in this action, the Court finds that the fee and expense award requested by Class Counsel is fair and reasonable.

13.     The Court also notes that Class Counsel's proposed fee amount was set forth in notice to the Class, including an explanation that any member of the Class could review the fee and expense request and brief in support thereof.  The Court finds these procedures provided a sufficient opportunity for any member of the Settlement Class to timely object to the fee and expense request.  There were no objections to the attorneys' fees or expenses requested.

14.     The Court notes that the class members were notified about the costs of administering the settlement, and that these costs would not exceed $53,398.  No objections were received concerning these costs.

15.     The Court has further reviewed the application for Service Awards to the Named Plaintiffs.  Such awards are common in class litigation, and serve the laudable goal of compensating those individuals who took the time, and had the courage, to prosecute claims not only on behalf of themselves, but also on behalf of many others harmed by the same conduct. *In re Checking Account Overdraft Litig.* 2014 WL 11370115 *at \*12-13* ($10,000); *Ingram,* 200 F.R.D. at 695-96 ($300,000); *Enter. Energy Corp. v. Col. Gas Trans. Corp.,* 137 F.R.D. 240, 250-51 *(S.D. Ohio 1991)* ($50,000); *Spicer v. Chi. Bd. Options Exchange, Inc.,* 844 F. Supp. 1226, 1267-68 *(N.D. Ill. 1993)*.  The Court also notes the evidence presented by the

Plaintiffs in connection with such application that they have communicated extensively with Class Counsel both during the litigation and settlement phases of this case, have reviewed and asked questions regarding various settlement issues, and have been advised concerning the informal discovery exchanged during the settlement discussions. The Court also recognizes that in the Settlement Agreement, Defendants have agreed not to oppose an incentive award for an amount up to $7,500 for each Named Plaintiff. The Court finds that Service Awards in the amount of $7,500.00 to each Named Plaintiff are fair and reasonable in this Case.

16. On the basis of the foregoing findings, and the submissions and proceedings referred to above, **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. The Settlement Agreement, including the definitions contained therein and the exhibits thereto, is approved and shall be effectuated, enforced, and carried out in accordance with the terms and provisions thereof, and the Court orders the Parties to comply with the Settlement Agreement.

2. Only the persons ultimately identified by the Claims Administrator on the list submitted to the Court (attached at Exhibit "A" to the Final Judgment, or any supplement thereto, and incorporated herein by reference) are excluded from the Settlement Class, and such persons shall not be entitled to any of the monetary or other benefits afforded to each Settlement Class Member under the Settlement

Agreement, and none of those persons shall be bound by the Settlement Agreement and by the Final Judgment. Pursuant to the terms of the Settlement Agreement, Exhibit "A" may be supplemented by the Claims Administrator pursuant to Section IV(C) of the Settlement Agreement after entry of Final Judgment, and the Supplemental Exhibit "A" will be the operative list of opt-outs for Final Judgment purposes. Pursuant to Paragraph 8 of this Order, within 120 days of the issuance of the settlement checks, Class Counsel shall supplement Exhibit "A" by providing the Court with the list of additional individuals who will be deemed excluded from the Settlement Class.

3. The Court awards reasonable and necessary attorneys' fees to Class Counsel in the amount of one third of the Settlement Fund ($2,575,833.33). The Court also awards reasonable and necessary expenses in the amount of $60,000 to be paid from the Settlement Fund. The Court further authorizes that $53,398 of the Settlement Fund be set aside for payment of the fees of the Claims Administrator. The Claims Administrator is ordered to distribute Class Counsel's awarded fees and expense reimbursement pursuant to the terms of the Settlement Agreement, and in accordance with written instructions issued by Class Counsel to the Claims Administrator. The Claims Administrator is also authorized to distribute up to $53,398 to pay for the costs of administering the settlement in accordance with the procedures set forth therein.

4.      The Court also awards $7,500 each to be paid by the Claims Administrator to the Class Representatives in accordance written instructions from Class Counsel and in accordance with the Settlement Agreement.

5.      As of the Effective Date of the Settlement Agreement, Plaintiffs and the Participating Class Members shall be conclusively deemed to have released their claims in accordance with the terms of the Settlement Agreement which is incorporated herein by reference.

6.      Entry of this Final Approval Order approves the Settlement Agreement and settles the claims of the Participating Settlement Class Members except those who have opted out of the Settlement as identified previously in this Order. As of the Effective Date as defined in the Settlement Agreement, Plaintiffs and Participating Settlement Class Members shall be forever barred from bringing or prosecuting any action or proceeding that is released by the terms of the Settlement Agreement.

7.      The Parties are hereby ordered to effectuate the terms of the Settlement Agreement.

8.      Without in any way affecting the finality of this Order or the Final Judgment, the Court reserves and retains exclusive and continuing jurisdiction over this action, Plaintiffs, the Participating Settlement Class Members, and the

Defendants, to the fullest extent allowed by Federal law, for the purposes of supervising the enforcement, construction, and interpretation of:

    (a)    the Settlement Agreement, and

    (b)    this Final Approval Order, and

    (c)    the Final Judgment in this case.

9. Neither this Final Approval Order, the Settlement Agreement, nor any papers related thereto, are to be construed as an admission by any Party of any liability or wrongdoing whatsoever. Defendants deny and disputes any wrongdoing and this Court makes no finding as to liability or damages. No Party may claim to be the prevailing party herein.

10. Other than as stated herein and in the Settlement Agreement, all attorney's fees, expenses and costs of court are to be borne by the Party/Parties incurring same.

SO ORDERED this  20th  day of  May  2019.

_____
HONORABLE LEIGH MAY
UNITED STATES DISTRICT JUDGE

13

# Exhibit A

| SIMID | First Name | Last Name |
|---|---|---|
| 3851 | Suzanne M | Adams |
| 4073 | Annie | Alderman |
| 5613 | Vicki | Banks |
| 6585 | Whitley J | Beauchamp |
| 76 | Veandria M | Bradley |
| 3654 | Dorothy A | Braswell |
| 3543 | Miriam | Brooks |
| 6643 | Shelia E | Brown |
| 5527 | Annette | Brown |
| 2300 | Patricia A | Bryant |
| 5633 | Deborah J | Burnette |
| 5095 | Cynthia | Butler |
| 2953 | Johnny L | Chatfield |
| 2978 | Martha | Clark |
| 1091 | Dana M | Cross |
| 925 | April | Daniel |
| 1520 | Fannie | Davis |
| 5574 | Malinda J | Easterday |
| 2327 | Jalene | Fields |
| 8874 | Norma J | Gilbert Brooks |
| 8524 | Michelle N | Hall |
| 3737 | Anna Y | Hall |
| 6413 | Sharion | Hankins |
| 2155 | Shonda L | Harris |
| 4285 | Daniella J | Herndon |
| 7665 | Rebecca E | Inglett |
| 6596 | Sara F | Irwin |
| 4944 | Jennifer L | Joyce |
| 5097 | Linzi | Kuria |
| 1029 | Renee D | Loving |
| 6040 | Linda F | Martin |
| 4221 | Belinda A | Martin |
| 1364 | Mary N | Miles |
| 8283 | Sue Ann | Miller |
| 6604 | Margaret G | Moore |
| 1042 | Ashley N | Neville |
| 4052 | Johnnie L | Peters |
| 2969 | Mary L | Rentz |
| 8954 | Angela L | Roberts |
| 7711 | Brandi M | Robinson |
| 6434 | Dianne B | Spann |
| 5228 | Brooke | Watson |
| 8255 | Rhonda D | Williams |

| 7331 | Pamela | Winter |
|------|--------|--------|
| 3140 | Victoria L | Young |

Exhibit B

| SIMID | First Name | Last Name |
|---:|---|---|
| 2995 | Yolanda A | Arnold |
| 8317 | Jennifer L | Blount |
| 1327 | Thissy A | Boone |
| 5944 | Starlett | Cancer |
| 5829 | Shikita | Coley |
| 6039 | Lorenia | Crawford |
| 6709 | Juanita | Davis |
| 4921 | Kimberly L | Davis |
| 8779 | Sandra E | Ellis |
| 9158 | Jarneisha | Foster |
| 1204 | Quintina | Gilmore |
| 2028 | Tammy H | Grant |
| 8425 | Jessica M | Gunn |
| 7614 | Audrey | Hale |
| 592 | Alice J | Holley |
| 5401 | Gloria A | Kelly |
| 2651 | Annie M | King |
| 2439 | Sherba J | Knight |
| 2041 | Faye V | Mack |
| 8254 | Ella | Mack |
| 3110 | Monica Y | Mays |
| 9034 | Corean | Mcghee |
| 8825 | Kenette C | Mckever |
| 216 | Jysyria N | Neal |
| 3569 | Emma | Norman |
| 9144 | Marie | Puverge |
| 2108 | Rakeisha S | Respress |
| 8368 | Annie | Robbins |
| 3492 | Jennifer | Roberts |
| 723 | Regina R | Robinson |
| 5518 | Shirley | Shank |
| 695 | Yvonne M | Thomas |
| 8917 | Gwen | Thompson |
| 8969 | Chandra D | Williams |
| 5566 | Brenda T | Williams |
| 3771 | Verlesa S | Williams |
| 1747 | Rachel | Williams |
| 7110 | Cynthia A | Williams |

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARET ANDERSON, *et al.*, )<br>Individually and on behalf of all )<br>Others similarly situated, )<br>  )<br>  Plaintiffs, )<br>v.   )<br>  )<br>SOUTHERN HOME CARE )<br>SERVICES, INC.,   and RES-CARE, INC., )<br>  )<br>  Defendants. )<br>  ) | CIVIL ACTION FILE NO.<br>1:13-cv-00840-LMM |

# NOTICE CONCERNING THE SUBMISSION OF INCONSISTENT DOCUMENTS TO THE SETTLEMENT ADMINISTRATOR

The following notice is provided to certain members of the Class by Order of the Court:

1. Enclosed is a check for your share of the class settlement.  DO NOT CASH THIS CHECK UNTIL YOU READ THE FOLLOWING:

2.  You have been identified as one of several class members who submitted two forms which contradict one another.  In one form, you sought to be **included** in the case and to receive a check.  In a separate form, you sought to be **excluded** from the case.  The forms you submitted are inconsistent.  If you wish to have your submission considered as **including** you in this settlement, YOU MUST CASH OR DEPOSIT THE CHECK WITHIN 60 DAYS OF ITS ISSUE DATE, and you need take no other action.  The check will be voided after the 60 day period.  If you wish for your submission to be considered as **excluding** you from the settlement, the DO NOT CASH OR DEPOSIT THE CHECK, and you should void or destroy the check, and you need take no other action.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED:_____

Order of: The Honorable Leigh Martin May, United States District Court Judge

Page **1** of **1**